## ARTHUR ROSS, JR. v. STATE OF MARYLAND

[No. 392, September Term, 1982.]

*Decided January 5, 1983.*

The cause was argued before MORTON, LOWE and WILNER, JJ.

*Mark Colvin, Assigned Public Defender,* for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General of Maryland, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Richard S. Basile, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

In a jury trial conducted in the Circuit Court for Prince George's County, appellant, Arthur Ross, Jr., was convicted of felony murder and sentenced to life imprisonment.

In this appeal it is first contended that appellant was denied his constitutional right of self-representation.

It appears that after the prosecutor had concluded his initial closing argument to the jury, defense counsel advised the trial judge that appellant desired to deliver his own closing argument:

> "MR. JACOBY [Counsel for Defendant]: Your Honor, Mr. Ross informs me that he might wish to give the closing argument to the jury himself.
>
> THE COURT: Mr. Ross wants to give the closing argument himself?
>
> MR. JACOBY: I have advised him against that quite a bit.
>
> THE COURT: Okay, Mr. Ross, your attorney is [the] one that's in charge of that aspect of the litigation. He's advised you against it. I suggest you follow his advice.
>
> Mr. Jacoby, you're representing Mr. Ross. Closing arguments are your prerogative.
>
> MR. JACOBY: Thank you, Your Honor."

In *Snead v. State,* 286 Md. 122, 123 (1979), it was said:

> "It is now clear that an accused in a criminal prosecution has two independent constitutional rights with regard to the management of his defense. He has both the right to have the assistance of counsel and the right to defend *pro se.*"

According to *Snead,* once the accused indicates a desire to defend himself the trial judge must engage in a two phase inquiry. "First, the court should ascertain whether the defendant 'clearly and unequivocally' wants to defend himself." *Id.* at 128. Once this is established, the court must make appropriate inquiry and be satisfied that "the right to

assistance of counsel was competently and intelligently waived by him." *Id.* at 131. Upon an affirmative answer to both questions, the accused is entitled to manage his own defense. *See Faretta v. California,* 422 U.S. 806 (1975); *State v. Renshaw,* 276 Md. 259 (1975).

The issue addressed in *Snead* was the right of a defendant to represent himself *pro se* during the course of the entire trial. It did not decide the issue presented in this appeal. In fact, the Court specifically stated: "On the facts of the case we here decide, the question whether a defendant may assert the right to self-representation after the trial has begun is not before us, and we do not consider it." 286 Md. at 132-133, n. 7.

At the outset, we think it significant that the issue was presented to the court by appellant's trial counsel and that it was framed not as an unequivocal request but simply that appellant "might wish to give the closing argument to the jury himself." Although appellant was apparently at his counsel's side during the colloquy with the court, he did not in any way inject himself personally in the proceedings. His conduct at the bench session may well be construed as acquiescence in the trial judge's determination to have counsel give the closing argument.

We need not, however, determine the issue on whether the appellant waived his right to pursue the issue, for we are convinced that in the factual posture of this case the determination lay within the sound judicial discretion of the trial judge.

It is to be noted that in *Faretta, Snead,* and *Renshaw, supra,* the request by the accused to represent himself came prior to the beginning of the trial. In the case *sub judice,* the appellant's request, if such it can be deemed, came at the very last stage of the trial in which he had been represented throughout by counsel without any semblance of protest, or indication that appellant decided to represent himself. The question of timeliness of a request to proceed without coun-

sel was not decided in *Snead, supra,*[1] and appears to be an open question in this State.

Those jurisdictions which have addressed the issue generally hold that the right to self-representation must be timely asserted. In *United States v. Denno,* 348 F.2d 12, 15 (2nd Cir. 1965), it was said:

> "The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial.... Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance." (Citations omitted.) Reaffirmed in *Sapienza v. Vincent,* 534 F.2d 1007, 1010 (2nd Cir. 1976).

Again, in *United States v. Dunlap,* 577 F.2d 867, 868 (4th Cir.), *cert. denied,* 439 U.S. 858 (1978), it was held that the right of self-representation "was not absolute and could be limited or waived if not raised before trial" and that in such circumstances "whether the defendant could dismiss counsel and proceed *pro se* was within the sound discretion of the trial court." *Accord, United States v. Lawrence,* 605 F.2d 1321 (4th Cir. 1979), *cert. denied,* 444 U.S. 1084 (1980).

We are of the view that these cases reflect a sound approach to the resolution of the issue. In the case at bar if we treat the conduct of the appellant as a solid request to

---

1. "With regard to the timeliness of a request to proceed without counsel, we have pointed out that the right to self-representation is conditioned upon an effective waiver of counsel. An effective waiver of counsel is to be determined under Rule 723 and that Rule contains no provision as to the time an indication of a desire or inclination to waive counsel must be made." 286 Md. at 132.

supplant his counsel and personally make the closing statement, it is at once apparent that the request came after the trial was nearly at its completed stage. There is no contention that the appellant failed to receive a fair trial and from our review of the record, no such contention could be meritoriously advanced.

Accordingly, we see no abuse of the trial judge's judicial discretion in his denial of the appellant's request to give his closing argument to the jury *pro se.*

Finally, appellant contends that "[t]he trial court abused its discretion in refusing to declare a mistrial after a police officer improperly testified that Appellant admitted being in the deceased's apartment when she was killed."

In the course of the trial the prosecutor asked a police detective why he had given the appellant his *Miranda*[2] rights a second time. The detective replied:

> "During the time when I executed the first one and the time I executed the second one, we spoke and, verbally, he admitted to me that he was in [the victim's] apartment when she was killed.
>
> MR. JACOBY: Objection.
>
> THE COURT: Sustained.
>
> MR. JACOBY: Move to strike.
>
> THE COURT: Okay. The jury will disregard that answer."

Appellant then moved for a mistrial. In denying the motion the judge addressed the jury:

> "Okay, ladies and gentlemen, I have asked you to disregard Detective Herl's characterization of what he was told by Mr. Ross. I've done that because that is not necessarily an accurate summary, and the only thing that is relevant are the words Mr. Ross spoke . . . so, I want you to put that out of your minds . . . make sure that you disregard that and do

---

2. Miranda v. Arizona, 384 U.S. 436 (1966).

not use that summary or that characterization for any purpose."

Thereafter the court on five separate occasions admonished the jury at length to disregard the detective's statement.

The appellant concedes that "[t]he record is clear that Appellant did not admit being in the deceased's apartment when she was killed. The prosecutor did not contend otherwise."

Thus, the jury could not be confused by the misstatement of the detective because it listened to all the evidence and could see it for what it was — a misstatement. We see no prejudice to the appellant and we are of the opinion that the trial judge's curative instructions to the jury were entirely adequate. There was no abuse of discretion in his denial of appellant's motion for a mistrial.

*Judgment affirmed; costs to be paid by appellant.*