Constance McCONNELL, Appellant,

v.

CITY OF MANKATO, Respondent.

No. C3–89–1669.

Court of Appeals of Minnesota.

May 22, 1990.

John M. Stuart, Public Defender, Lawrence W. Pry, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Eileen M. Wells, Mankato City Atty., Greg J. Anderson, Asst. City Atty., Mankato, for respondent.

Considered and decided by KALITOWSKI, P.J., and CRIPPEN and GARDEBRING, JJ.

## OPINION

CRIPPEN, Judge.

This appeal rests on a claim of trial court error in refusing appellant's pro se demand made during the course of her direct testimony. We affirm the trial court's exercise of discretion. We also find no merit in the contention that the record contains insufficient evidence for the conviction.

## FACTS

Appellant was tried for fifth degree assault under Minn.Stat. § 609.224 subd. 1(2) (1988). An eight-year-old child testified that he was bouncing up and down the steps inside his home while appellant, his babysitter, spoke on the telephone. According to the child, appellant told him to stop and then pushed or threw him down the steps. At trial, the child testified:

I was jumping down the steps one by one, and, [appellant] heard me and told me to get back up the stairs and she grabbed me right by the shirt and threw me down the steps.

The child also testified that after the fall, he had trouble walking and that his ankle hurt. Medical testimony showed that the child had fractured his ankle.

Appellant denied the incident occurred and testified that the child had not even entered the building on the day in question. She further testified that the injury to the child was not noticeable until the day after he said the fall occurred. On appeal she also questions the credibility of the child's testimony because it was contradicted in part by statements indicating that he had played with other children after the injury.

As appellant was testifying at trial she requested to proceed pro se, expressing a desire to present evidence her attorney was not offering. The court refused to change the role of counsel at that stage, but permitted appellant to make her own final argument. The court assured appellant that her attorney could offer any evidence she wished to have presented. Before acting on the pro se request, the court also conducted special proceedings to examine appellant's offers of proof; the court concluded they did not demonstrate admissible evidence. Appellant proposed evidence: 1) that the doctor who had treated the child was under investigation for the care he had previously given appellant's own children; 2) that she had filed a complaint against one of the investigating officers prior to this incident; 3) that she had filed a complaint against the local police department prior to the assault; and 4) that she had a photograph of the child playing with her children after the injury occurred and that she had witnesses who could testify to the same. The court noted that at least the first three items were irrelevant to the assault trial.

## ISSUES

1. Did the trial court err in refusing the pro se request?
2. Was the evidence sufficient to convict appellant?

## ANALYSIS

1. Pro se request.

Historically, pro se requests were left to judicial discretion and the defendant had to show that prejudice to legitimate interests in self-representation outweighed the potential disruption of the proceedings. *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2nd Cir.1965). Considerable weight was given to the trial judge's assessment of the balance. *Id.* More recently, in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) the Supreme Court held that a defendant has an absolute right under the sixth amendment to present his case pro se if the request is timely. *Faretta,* however, involved a defendant whose request was made before trial began.

The *Maldonado* rule is still good law for requests made after trial commences. *See, e.g., United States v. Wesley,* 798 F.2d 1155 (8th Cir.1986); *United States v. Dunlap,* 577 F.2d 867 (4th Cir.),

*cert. denied*, 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978). Thus we examine the question with an aim to determine whether the trial court abused its discretion in refusing the request. Here, appellant explained her request singularly in terms of her desire to present evidence. The trial court carefully examined that evidence and found her request meritless because the evidence was inadmissible. The court's action responded to appellant's concerns and it is evident that the court carefully exercised its discretion in examining the request. The trial court's decision did not constitute an abuse of discretion.

2. Sufficiency of the evidence.

Review on sufficiency of evidence is

limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.

*State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The evidence must be sufficient so as to permit the jury to reasonably find the defendant guilty. *State v. Buchanan*, 431 N.W.2d 542, 547 (Minn.1988). The appellate court must bear in mind the state's heavy burden of proof. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

■ Appellant first contends there was insufficient evidence that she had committed any act to injure the child. The jury is permitted to believe the child's testimony. *State v. Bias*, 419 N.W.2d 480, 484 (Minn.1988) (jury to determine credibility and weight to be given to testimony of witnesses). Contradictions in testimony go the the weight of the evidence and are for the jury to assess.

■ Appellant also contends there was no evidence she committed the act described with intent to injure. Appellant notes that a conviction based on circumstantial evidence may stand only where the facts form a complete chain which leads so directly to the guilt of the accused as to exclude beyond a reasonable doubt any reasonable inference other than that of guilt. *Bias*, 419 N.W.2d at 484. This standard must be construed in light of the statement that the natural and probable consequences of a person's conduct are presumed to be intended. *State v. Peters*, 274 Minn. 309, 316, 143 N.W.2d 832, 837 (1966) (intentions are determined by "outward manifestations"). The child testified that appellant pushed him down the steps. Moreover, the child's testimony indicated that appellant's conduct was intended as a response to his behavior. The jury could properly infer the requisite intent.

Affirmed.