676 A.2d 513

STATE of Maryland

v.

Shawn L. BROWN.

No. 65, Sept. Term, 1995.

Court of Appeals of Maryland.

May 17, 1996.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Petitioner.

Claudia A. Cortese, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this case, we are asked to determine whether Maryland Rule 4–215, which outlines the procedures a trial court must follow when a defendant elects to discharge counsel, applies to decisions to dismiss counsel made after the trial has begun. We shall hold that the Rule does not apply after trial proceedings have commenced.

## I.

On October 26, 1993, two undercover police officers purchased $20 worth of crack cocaine from a person they later identified as Respondent, Shawn L. Brown. The transaction was videotaped. On November 12, 1993, the officers purchased another $20 worth of crack cocaine from Brown. Following the second sale, Brown was arrested. He was indicted in the Circuit Court for Wicomico County on two counts of distribution of a controlled dangerous substance in violation of Maryland Code (1957, 1992 Repl.Vol., 1995 Cum.Supp.) Article

27, § 286, and two counts of possession of a controlled dangerous substance in violation of Maryland Code (1957, 1992 Repl.Vol., 1995 Supp.) Article 27, § 287.

Brown waived his right to a jury and was tried before the court on April 13, 1994. At the beginning of the proceedings, Respondent's counsel requested a continuance, and advised the court that because he had only been engaged four days before trial, he had insufficient time to prepare. The State objected to the continuance, arguing that only a few days earlier, Respondent's counsel had indicated he would be ready to go to trial as scheduled. The judge denied the continuance.[1]

The State called its first witness, but before questioning began, Respondent interrupted to request a jury trial. The court denied the request because Respondent had previously waived his right to jury trial. The State then proceeded to examine the witness.

Before the State completed the direct examination of the first witness, Respondent's counsel indicated that his client wished to discharge him. The judge inquired about the reason for the dismissal, and Respondent's counsel suggested that the decision was based on his client's father's advice. Respondent did not comment, but his father interjected that counsel was unfamiliar with the case. The judge did not permit Respondent to discharge his counsel. *See infra* Section V.

The State presented evidence including testimony from the two officers involved in the transaction, the videotape of the transaction, and the crack cocaine. The defense argued mistaken identity, pointing to the fact that the person in the police videotape was clean-shaven, while Respondent had a full beard. Respondent testified that he had grown the beard before the first drug sale.

---

**1.** Respondent's father attempted to interrupt after the continuance was denied, but was not permitted to comment.

Respondent was convicted on all four counts. At sentencing, Respondent was represented by the same counsel as at trial. Respondent was sentenced to two consecutive terms of ten-year incarceration for the drug distribution charges. The possession convictions were merged for purposes of sentencing.

Respondent noted a timely appeal to the Court of Special Appeals. The intermediate appellate court reversed the judgment of the trial court, holding that the trial judge failed to apply the procedures mandated by Rule 4–215(e) to determine whether Respondent should be allowed to discharge his counsel. *Brown v. State,* 103 Md.App. 740, 654 A.2d 944 (1995). We granted the State's petition for certiorari to answer two questions:

Did the Court of Special Appeals err in holding:

(1) that Maryland Rule 4–215 is applicable once trial has commenced; and

(2) that the trial court did not properly comply with subsection (e) of the Rule in this case?

## II.

The State contends that Rule 4–215 does not apply once trial begins. The State argues that Rule 4–215(e) applies only to efforts to discharge counsel made prior to trial or at the beginning of the trial. Respondent did not indicate a desire to discharge his counsel until the State had commenced its case-in-chief. Therefore, the State argues that Rule 4–215(e) did not apply. Alternatively, the State argues that even if Rule 4–215(e) applied, the trial court's inquiry sufficed to meet the requirements of the Rule.

Respondent contends that Rule 4–215(e) applies to all decisions to discharge counsel, regardless of when they are made. Therefore, Respondent argues, the trial court was required to satisfy the procedural requirements of 4–215(e). In the alternative, Respondent maintains that even if the formal requirements of Rule 4–215(e) did not apply, the trial court abused its discretion by failing to identify and consider the reason Re-

spondent wished to discharge his counsel before deciding not to allow the dismissal.

## III.

In this case, we must consider the interplay between two constitutional rights and the procedural rule that is designed to implement those rights. Maryland Rule 4–215 is designed to protect both the right to assistance of counsel and the right to pro se defense provided by the Sixth Amendment.[2] *Leonard v. State*, 302 Md. 111, 121–22, 486 A.2d 163, 168 (1985). As we shall explain *infra*, once meaningful trial proceedings have begun, the right to substitute counsel and the right to defend pro se are curtailed to prevent undue interference with the administration of justice. *Fowlkes v. State*, 311 Md. 586, 605–06, 536 A.2d 1149, 1159 (1988). Thus, once trial begins, exercise of these rights is subject to the trial court's discretion. Rule 4–215 is designed to ensure that courts comply with constitutional requirements in advising defendants of the Sixth Amendment right to counsel. The Rule is not intended to deprive the courts of discretion regarding motions to discharge counsel after trial has commenced. We therefore conclude that the Rule is inapposite once trial is underway. We explain.

### A. *Constitutional Implications of Defendant's Dismissal of Counsel*

A defendant's request to dismiss appointed counsel implicates two rights that are fundamental to our system of criminal justice: the defendant's right to counsel, and the

---

**2.** The Sixth Amendment states that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const., amend. VI.

defendant's right to self-representation. *See Moten v. State,* 339 Md. 407, 663 A.2d 593 (1995); *Parren v. State,* 309 Md. 260, 523 A.2d 597 (1987); *Snead v. State,* 286 Md. 122, 406 A.2d 98 (1979). *See also McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). When a defendant indicates a desire to dismiss counsel, the defendant must request permission to obtain substitute counsel or to proceed pro se. The trial court's subsequent procedures depend on whether the defendant requests substitute counsel or self-representation. ("[I]t is the relief requested (self-representation) and not the reasons underlying the motion (dissatisfaction with counsel) which governs the trial court's responsibilities when considering such motions.").

If the defendant requests dismissal of counsel in order to obtain substitute counsel, the court must afford the defendant an opportunity to explain the reasons for the proposed dismissal. *See United States v. Allen,* 789 F.2d 90, 92 (1st Cir.1986), *cert. denied,* 479 U.S. 846, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986); *United States v. Welty,* 674 F.2d 185, 190 (3d Cir.1982). While an indigent defendant is entitled to appointed counsel, the defendant is not entitled to choose a specific attorney. *See Fowlkes,* 311 Md. at 605–06, 536 A.2d at 1159; *cf. Grandison v. State,* 341 Md. 175, 199–204, 670 A.2d 398, 410–11 (1995). Instead, the defendant is entitled to the effective assistance of counsel, and may only obtain substitute counsel for "good cause." [3] *See Fowlkes,* 311 Md. at 605–06, 536 A.2d at 1159. *See also United States v. Gallop,* 838 F.2d 105, 108 (4th Cir.1988), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Allen,* 789 F.2d at 92.

---

**3.** The decision regarding whether the defendant has presented "good cause" for substitution is left to the court's discretion; "good cause" for dismissal must be measured against an objective standard. *Allen,* 789 F.2d at 93; *McKee v. Harris,* 649 F.2d 927, 932 (2d Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982).

If the defendant requests dismissal of counsel in order to proceed pro se, and if the proposal to discharge counsel is timely and unequivocal, the court must ordinarily grant the request. *Faretta,* 422 U.S. at 833–34, 95 S.Ct. at 2540–41. By choosing self-representation, the defendant forgoes the right to counsel. Therefore, the court must conduct a waiver inquiry to ensure that any decision to waive the right to counsel is "made with eyes open." *Id.* at 835, 95 S.Ct. at 2541 (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1943)). The Sixth Amendment requires that the defendant's waiver of the right to counsel must be "knowing and intelligent." *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). *See also* 1 AMERICAN BAR ASS'N, ABA STANDARDS ON CRIMINAL JUSTICE 6–38 to 6–41 (2d ed. 1986) (Special Functions of the Trial Judge Standard 6–3.6, Defendant's Election to Represent Himself or Herself at Trial). Although courts have recognized several exceptions to the *Faretta* rule, these exceptions have been narrowly construed to effectuate the defendant's right to self-representation. *Cf. Leonard,* 302 Md. at 127, 486 A.2d at 171. Absent a recognized exception, refusal to grant a timely, unequivocal request for self-representation is reversible error. *See Snead,* 286 Md. at 130, 406 A.2d at 102. *See also McKaskle,* 465 U.S. at 177 n. 8, 104 S.Ct. at 950 n. 8; *People v. Davis,* 49 N.Y.2d 114, 424 N.Y.S.2d 372, 375–76, 400 N.E.2d 313, 317 (1979).

### B. *Limitation of the Right to Dismiss Counsel After Trial Begins*

While we have recognized the importance of the right to dismiss counsel, we have also concluded that at some point after trial begins, the right to defend pro se and the right to obtain substitute counsel must be limited to prevent undue interference with the administration of justice. *Fowlkes,* 311 Md. at 605, 536 A.2d at 1159. *See also United States v. Dunlap,* 577 F.2d 867, 868 (4th Cir.1978), *cert. denied,* 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978). In the absence of such a limitation, defendants could use "eleventh hour"

requests to discharge counsel as a tactic to delay the proceedings or to confuse the jury. *See, e.g., State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173, 187 (1983); *Dunlap,* 577 F.2d at 868–69.

In order to justify substitution of counsel after trial begins, the defendant must demonstrate good cause. *McKee v. Harris,* 649 F.2d 927, 931 (2d Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982) (good cause may include a "conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict."). *See also Fowlkes,* 311 Md. at 605–06, 536 A.2d at 1159. The decision whether to permit mid-trial substitution of counsel is left to the trial court's discretion. *See Commonwealth v. Chavis,* 415 Mass. 703, 616 N.E.2d 423, 428 (1993); *Commonwealth v. Miskel,* 364 Mass. 783, 308 N.E.2d 547, 552 (1974). As the Massachusetts Supreme Judicial Court has stated:

It is now well established by decisions of this court and of the [f]ederal courts that a defendant's freedom to change his counsel is restricted on the commencement of trial. "Once the trial had begun, the effectiveness of any right of the defendant to force a change of counsel was diminished.... Thereafter any prejudice to his interests was to be balanced with the foreseeable effect upon the trial already in progress. Upon this issue the decision must be largely within the discretion of the trial judge[.]"

*Miskel,* 308 N.E.2d at 552 (citations omitted) (quoting *Lamoureux v. Commonwealth,* 353 Mass. 556, 233 N.E.2d 741, 744 (1968)). *See also United States v. Michelson,* 559 F.2d 567, 572 (9th Cir.1977); *United States v. Price,* 474 F.2d 1223, 1227 (9th Cir.1973); *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2d Cir.1965), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966); *State v. LaBare,* 637 A.2d 854, 855 (Me.1994); *State v. Robinson,* 227 Conn. 711, 631 A.2d 288, 297 (1993); *State v. Ronne,* 458 N.W.2d 294, 299–300 (N.D.1990); *Garris v. United States,* 465 A.2d 817, 820 (D.C. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1013, 79 L.Ed.2d

243 (1984); *Swinehart v. State*, 268 Ind. 460, 376 N.E.2d 486, 490 (1978); *State v. Heaps*, 87 Or.App. 489, 742 P.2d 1188, 1189 (1987). If the court concludes that the defendant's request to dismiss counsel was "not made in good faith but [was] a transparent ploy for delay," the court may exercise its discretion to deny the request. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983). Furthermore, tactical disagreements short of a total breakdown in communication between attorney and client generally do not warrant mid-trial substitution of counsel. *See Miskel*, 308 N.E.2d at 552; *see also Morris*, 461 U.S. at 13, 103 S.Ct. at 1617 (rejecting the view that the defendant is entitled to a "meaningful attorney-client relationship").[4]

Frequently, denial of a defendant's request for substitute counsel leads to a request to defend pro se.[5] *See,*

---

**4.** The limitation on the right to obtain substitute counsel after trial begins applies to both indigent defendants and defendants with private counsel. As the United States Court of Appeals for the Fourth Circuit concluded in *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 612 (4th Cir.1986), *cert. denied*, 478 U.S. 1008, 106 S.Ct. 3305, 92 L.Ed.2d 719 (1986), that:

> The sixth amendment, while not providing an absolute right, guarantees a defendant a fair opportunity to secure counsel of his own choice to represent him at trial on criminal charges. Among the ways this opportunity, hence the right, can be denied, is by a court's refusal to continue a scheduled trial when the defendant appears on the scheduled date without counsel, or is forced to trial with unprepared counsel or with counsel not of his choice. *But the right, as indicated, is only a qualified one, the opportunity guaranteed is only a "fair" one.*

*Id.* at 612–13 (emphasis added). *See also United States v. Allen*, 789 F.2d 90 (1st Cir.1986), *cert. denied*, 479 U.S. 846, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986); *Commonwealth v. Miskel*, 364 Mass. 783, 308 N.E.2d 547 (1974).

**5.** Often, a defendant may move for substitute counsel or, in the alternative, pro se defense if the court elects not to provide substitute counsel. *See, e.g., United States v. Flewitt*, 874 F.2d 669 (9th Cir.1989); *United States v. Price*, 474 F.2d 1223 (9th Cir.1973); *Works v. State*, 266 Ind. 250, 362 N.E.2d 144 (1977). Contrary to the view of some courts, we do not believe the fact that a defendant asserts the right to self-representation as a result of a failed request for substitute counsel renders the request to proceed pro se "equivocal." *See Snead*, 286 Md. at 130, 406 A.2d at 102. *Also compare Flewitt*, 874 F.2d at 673

*e.g., Snead,* 286 Md. at 126, 406 A.2d at 100; *see also Taylor v. State,* 557 So.2d 138, 140 (Fla.Dist.Ct.App.1990). Although the request to proceed pro se ordinarily should be granted if asserted unequivocally before trial, the right to proceed pro se is limited after trial has begun. *See, e.g., Bassette v. Thompson,* 915 F.2d 932, 941 (4th Cir.1990), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991); *United States v. Lawrence,* 605 F.2d 1321, 1324 (4th Cir.1979), *cert. denied,* 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980); *Sapienza v. Vincent,* 534 F.2d 1007, 1010 (2d Cir.1976); *People v. Windham,* 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1190–91 (1977).

For example, as the Fourth Circuit stated in *Bassette v. Thompson,* 915 F.2d 932 (4th Cir.1990), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991):

> Although under ... the Sixth Amendment to the United States Constitution a defendant has a right of self-representation ... this right is not absolute, and after a defendant has proceeded to trial with an attorney, the right to proceed pro se rests within the sound discretion of the trial court.
>
> Appellant argues that under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a defendant has a Sixth Amendment right of self-representation; however, this right is not absolute and may be waived or limited if not raised before trial. *Faretta* does not deal with the situation of a defendant attempting to proceed pro se after trial has begun.

*Id.* at 941 (citations omitted). Thus, if a defendant does not timely assert the right to proceed pro se, the decision to grant

(majority op.) *with id.* at 678–79 (Brunetti, J., dissenting). *See also People v. Hill,* 148 Cal.App.3d 744, 196 Cal.Rptr. 382, 394 (Ct.App. 1983) ("Where a court thoroughly inquires, on the record, into a defendant's specific allegations of attorney misconduct or inadequacy and, exercising discretion, denies substitution, a defendant's subsequent *Faretta* waiver, though partially induced by that denial, will not be defective.").

the request is also left to the sound discretion of the trial court.[6]

Although we have not previously addressed this issue, the Court of Special Appeals has reached a similar conclusion in several decisions.[7] *See Ross v. State,* 53 Md.App. 397, 453

---

6. Although the trial court may consider similar factors in determining whether to grant a defendant's mid-trial motion to proceed pro se or a motion to obtain substitute counsel, the standards may not be identical. *See, e.g., United States v. Price,* 474 F.2d 1223, 1226–27 (9th Cir.1973); *Blankenship v. State,* 673 S.W.2d 578 (Tex.Crim.App.1984).

 Some courts have suggested that the standard for evaluating requests to defend pro se should be more permissive than the standard for evaluating requests for substitute counsel. *Blankenship,* 673 S.W.2d at 585. For example, in *Blankenship,* the Texas Court of Criminal Appeals stated that:

 While this court has held that the accused may not wait until the day of trial to demand *different* counsel or to request that counsel be *dismissed* so that he may *retain* other counsel where this results in a delay of the proceedings, . . . such is not the situation in the case at bar. Appellant neither demanded the appointment of different counsel nor did he ask that his attorney be dismissed so that he could retain other counsel. He merely asserted his constitutional right to represent himself at trial.

*Id.* (citation omitted). In this case, because the trial court did not determine whether the defendant sought substitute counsel or pro se defense, we need not reach the issue of whether the standards differ.

7. We considered a related but distinct issue in *Leonard v. State,* 302 Md. 111, 486 A.2d 163 (1985). In *Leonard,* on the day of trial prior to jury selection, the defendant requested substitute counsel, and the trial court denied the request. *Id.* at 114, 486 A.2d at 164. After *voir dire* of the prospective jurors had been completed but before the parties presented opening statements, the defendant requested permission to defend pro se. *Id.* at 115–16, 486 A.2d at 165–66. The trial court granted the request. *Id.,* 486 A.2d at 165–66. On appeal following his conviction, Leonard argued that the trial court should have conducted a waiver inquiry pursuant to Maryland Rule 723 (a precursor of Rule 4–215) when he asserted his *Faretta* right. We concluded that the trial court should have conducted a waiver inquiry pursuant to Rule 723, and that the failure to do so constituted reversible error. *Id.* at 129, 486 A.2d at 172.

 *Leonard* is distinguishable from the instant case, however, because the trial court found that the defendant in *Leonard* had *timely* asserted his right to defend pro se. Leonard asserted his *Faretta* right before opening statements, while in this case, Brown did not attempt to discharge counsel until after the State began to present evidence. As stated in Section III.A, *supra,* if the right to defend pro se is asserted in a timely and unequivocal fashion, the request ordinarily should be

A.2d 828 (1983); *Johnson v. State*, 44 Md.App. 515, 411 A.2d 118 (1980). For example, in *Ross v. State*, 53 Md.App. 397, 453 A.2d 828 (1983), the defendant was represented by counsel throughout the trial, but indicated a desire to deliver the closing argument himself after all the evidence was presented. *Id.* at 398, 453 A.2d at 829. The trial court denied the request, and the Court of Special Appeals affirmed the decision. The intermediate appellate court distinguished other cases where the "request by the accused to represent himself came prior to the beginning of the trial" and concluded that there was "no abuse of the trial judge's judicial discretion in his denial of the appellant's request to give his closing argument to the jury pro se." 53 Md.App. at 401, 453 A.2d at 830–31.

In *Johnson v. State*, 44 Md.App. 515, 411 A.2d 118 (1980), at the conclusion of the State's evidence, defense counsel indicated that the defendant wished to discharge him. *Id.* at 521, 411 A.2d at 122. The court denied the request, and the Court of Special Appeals affirmed. Although the intermediate appellate court found that the defendant did not "clearly and unequivocally" indicate a desire to represent himself, the court also stated that:

> *Faretta v. California, supra,* held that there is a constitutional right to self-representation. *Snead v. State,* 286 Md. 122 [406 A.2d 98] (1979), held that when a defendant expresses a desire to represent himself before the trial begins, the trial judge must conduct an inquiry to determine that (a) his request is made "clearly and unequivocally" and (b) he is "knowingly and intelligently" foregoing his right to counsel.

> *Faretta* and *Snead,* therefore, do not affect the established rule that replacement of counsel during the course of a trial is a matter of discretion left to the trial court, *United States v. DiTommaso,* 405 F.2d 385, 393 (C.A. 4th Cir.1968),

granted absent exceptional circumstances. *See Fowlkes,* 311 Md. at 589, 536 A.2d at 1151. When the *Faretta* right is timely asserted, Rule 4–215 applies; however, as we shall explain *infra,* in the present case, the right was not timely asserted. *See infra* Section V.

*cert. denied,* 394 U.S. 934 [89 S.Ct. 1209, 1210, 22 L.Ed.2d 465] (1969), and absent a showing of cause, such a request is properly denied. *State v. Renshaw,* 276 Md. 259, 270 [347 A.2d 219] (1975); *Wright v. State,* 32 Md.App. 60, 62 [359 A.2d 1] (1976), *cert. denied,* 278 Md. 740 (1976).

In this case, there was no showing of prejudice and the motion was properly denied.

*Id.* at 524, 411 A.2d at 123.

We agree with the conclusion reached by the Court of Special Appeals in *Ross* and in *Johnson,* that the decision to permit discharge of counsel after trial has begun is within the sound discretion of the trial court.

## C.

The majority of other appellate courts that have considered the issue have also concluded that after trial has commenced, the decision whether to permit a defendant to discharge counsel rests within the sound discretion of the trial court. *See, e.g., United States v. Michelson,* 559 F.2d 567, 572 (9th Cir.1977); *Sapienza,* 534 F.2d at 1010; *State v. LaBare,* 637 A.2d 854, 855 (Me.1994); *State v. Robinson,* 227 Conn. 711, 631 A.2d 288, 297 (1993); *State v. Ronne,* 458 N.W.2d 294, 299–300 (N.D.1990); *Works v. State,* 266 Ind. 250, 362 N.E.2d 144, 147 (1977); *Commonwealth v. Miskel,* 364 Mass. 783, 308 N.E.2d 547, 552 (1974); *State v. Heaps,* 87 Or.App. 489, 742 P.2d 1188, 1189 (1987). Thus, the procedural requirements triggered by a defendant's decision to dismiss counsel differ depending on when the decision is made.

For example, in *Works v. State,* 266 Ind. 250, 362 N.E.2d at 147, the Supreme Court of Indiana addressed two related discharge of counsel issues. First, on the day before trial, after the defendant had been represented by counsel for a number of months, he requested permission to hire substitute counsel. The trial court denied defendant's request for a continuance to hire substitute counsel. The appellate court concluded that this decision was not an abuse of discretion,

because although the defendant had a constitutional right to an attorney of his choice if he could afford to employ one,

> the right can only embrace a reasonable opportunity to obtain such representation, and we find no denial of such opportunity. Trial was imminent; the defendant had had prior continuances for such purpose, and the trial date had been determined three months earlier. Appointed counsel was prepared and ready. There was no claim of any lack of opportunity ... The [decision not to] grant[ ] a continuance ... was within the sound discretion of the trial court.

*Id.* 362 N.E.2d at 147. *Accord People v. Langley,* 226 Ill. App.3d 742, 168 Ill.Dec. 424, 589 N.E.2d 824, 828 (1992) ("Whether defendant's right to select counsel unreasonably interferes with the administration of the judicial process depends on the facts and circumstances of each case. A trial court's denial of a defendant's request to substitute counsel will not be overturned absent an abuse of discretion.").

At trial during the State's case-in-chief, the defendant in *Works* requested leave to personally cross-examine several witnesses. The trial court denied the request. The Indiana Supreme Court affirmed, stating that:

> The right of a defendant in a criminal case to act as his own lawyer is unqualified if evoked prior to the start of the trial ... Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of the balance.

*Id.* (quoting *United States v. Catino,* 403 F.2d 491 (2d Cir. 1968), *cert. denied,* 394 U.S. 1003, 89 S.Ct. 1598, 22 L.Ed.2d 780 (1969)). *Accord McConnell v. Mankato,* 456 N.W.2d 278, 279 (Minn.Ct.App.1990); *Commonwealth v. Miller,* 6 Mass. App.Ct. 959, 383 N.E.2d 1144, 1146 (1978).

The federal courts that have considered the issue have also left the decision to permit or refuse discharge of counsel after trial has begun to the sound discretion of the trial courts. *See, e.g., United States v. Gallop,* 838 F.2d 105, 107–08 (4th Cir.1988), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *United States v. Dunlap,* 577 F.2d 867, 868 (4th Cir.1978), *cert. denied,* 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978). In *Gallop,* the United States Court of Appeals for the Fourth Circuit stated:

> The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule.
>
> In evaluating whether the trial court abused its discretion in denying the defendant's motion for substitution of counsel, the First and Ninth Circuits have held that the appellate courts should consider the following facts: Timeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.

838 F.2d at 108 (citations omitted).[8]

### D.

 Courts differ on the exact point in time when the right to discharge counsel is curtailed. Some courts have held, for example, that requests to proceed pro se are *per se* untimely if asserted after the jury has been selected. *See Denno,* 348 F.2d at 16. Other jurisdictions have established impanelment of the jury as the "cut-off" point. *See, e.g., Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982); *Price,* 474 F.2d

---

8. Although defense counsel in *Gallop* indicated that his relationship with the defendant had "entirely broken down," the court concluded that the trial judge did not abuse his discretion in denying the request to substitute counsel, because the court had conducted an adequate inquiry, and because the record did not indicate a "total lack of communication." 838 F.2d at 109.

at 1227. Still others have held that requests are untimely if asserted after "meaningful trial proceedings have commenced." *See United States v. Lawrence,* 605 F.2d 1321, 1325 (4th Cir.1979) (quoting *Dunlap,* 577 F.2d at 868), *cert. denied,* 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980). We agree with the view expressed by the United States Court of Appeals for the Fifth Circuit in *Chapman v. United States,* 553 F.2d 886 (5th Cir.1977), that:

> A defendant must have a last clear chance to assert his constitutional right. If there must be a point beyond which the defendant forfeits the unqualified right to defend pro se, that point should not come before meaningful trial proceedings have commenced. We have not entered the age of "stop-watch jurisprudence[.]"

*Id.* at 895. Thus we believe the better approach is to assess whether "meaningful trial proceedings have commenced," rather than adopting an inflexible rule of *per se* untimeliness. *Accord Lawrence,* 605 F.2d at 1325 & n. 2. *See also Lyons v. State,* 106 Nev. 438, 796 P.2d 210, 214 (1990); *People v. Windham,* 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1191 n. 5 (1977), *cert. denied,* 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977);[9] *People v. White,* 9 Cal.App.4th 1062, 12 Cal. Rptr.2d 122, 128 n. 8 (Ct.App.1992); *People v. Mogul,* 812 P.2d 705, 708 (Colo.Ct.App.1991) (declining to adopt *per se* rule that day-of-trial request to defend pro se is timely or untimely).

---

**9.** As the California Supreme Court noted in *Windham,* the timeliness requirement "must not be used as a means of limiting a defendant's *constitutional* right of self-representation." 137 Cal.Rptr. at 12 n. 5, 560 P.2d at 1191 n. 5. The requirement is only designed to prevent the defendant from "unjustifiably delay[ing] a scheduled trial or ... obstruct[ing] the orderly administration of justice." *Id.* The *Windham* court thus provided for some exceptions to the timeliness rule, stating that:

> There may be other situations in which a request for self-representation in close proximity to trial can be justified. When the lateness of the request and even the necessity of a continuance can be reasonably justified, the request should be granted.

*Id.*

## IV.

### A.

As stated at the outset, Maryland Rule 4–215 is designed to protect both the right to counsel and the right to proceed pro se. *See Leonard v. State,* 302 Md. 111, 122, 486 A.2d 163, 168 (1985); *see also Parren v. State,* 309 Md. 260, 277–78, 523 A.2d 597, 605 (1987). The Rule ensures that decisions to discharge counsel comport with constitutional requirements. *See Fowlkes,* 311 Md. at 606, 536 A.2d at 1159; *Parren,* 309 Md. at 280, 523 A.2d at 606–06; *Leonard,* 302 Md. at 122, 486 A.2d at 168. In this case, we are asked to consider whether the procedural requirements of Rule 4–215 apply only to decisions to dismiss counsel made prior to trial or at the beginning of trial, or if the Rule also applies after trial has begun. This is an issue of first impression.[10]

---

**10.** Although some dicta in our earlier decisions relate to timing, we have never before addressed the precise issue presented in this case. For example, in *Fowlkes v. State,* 311 Md. 586, 536 A.2d 1149 (1988), we said that:

An accused who, *at or shortly before trial* and without justification, insists on discharging his counsel and demands the appointment of new counsel, may properly be deemed to have waived his right to counsel if he is sufficiently informed in accordance with rule 4–215 so that his discharge of counsel represents knowing, intelligent, and voluntary action on his part.

*Id.* at 604, 536 A.2d at 1158 (emphasis added). Although the "at or shortly before trial" language in *Fowlkes* might be interpreted to suggest that Rule 4–215 applies throughout trial, *Fowlkes* did not address this issue. Instead, *Fowlkes* held that under Rule 4–215(e) "a defendant's unmeritorious refusal to proceed with current counsel may constitute a waiver of the right to counsel, provided the defendant acts knowingly and intelligently." *Id.* at 606, 536 A.2d at 1159. *See also Snead v. State,* 286 Md. 122, 132–33 & n. 7, 406 A.2d 98, 103 & n. 7 (1979).

In *Williams v. State,* 321 Md. 266, 582 A.2d 803 (1990), we also addressed application of Rule 4–215. We held that where a defendant indicates a desire to dismiss counsel at the outset of the trial, the court's failure to inquire about the reason for the dismissal as required by 4–215(e) constitutes reversible error. *Id.* at 274, 582 A.2d at 807. In this case, unlike *Williams,* however, the defendant's request to discharge counsel occurred after trial commenced.

With regard to a defendant's right to discharge counsel, Rule 4–215(e) provides that:

> If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

The Rule creates a three-step process for discharge of counsel. First, when the defendant indicates a desire to dismiss counsel, the court must provide an opportunity for the defendant to explain the reason for dismissal. Second, the court must evaluate the reason to determine if it is meritorious. If the reason is meritorious, the court must permit dismissal, continue the case if necessary, and warn the defendant that he or she may be required to proceed pro se if new counsel is not engaged by the next trial date. If the reason for dismissal is not meritorious, however, the court must engage in a third-level inquiry. The court may still permit dismissal of counsel, but only after warning the defendant of the possibility he or she will proceed pro se if substitute counsel is not secured. The court may also reject the defendant's request to dismiss counsel if the reason is not meritorious.

When the court permits a defendant to discharge counsel, other provisions of Rule 4–215 will also be triggered. First, the court must satisfy the procedural requirements of Rule 4–

215(a)(1)–(4), *i.e.,* (1) ensure that the defendant received the charging document including notice of the right to counsel; (2) inform the defendant of the right to counsel and its importance; (3) advise the defendant of the nature of the charges and the possible penalties; and (4) conduct a waiver inquiry as provided by Rule 4–215(b) if the defendant wishes to proceed pro se. Under part (b), the court must determine that any decision to waive the right to counsel is "knowing and voluntary," in accord with the standard articulated by the Supreme Court in *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

■ As explained in Section III.B, *supra,* the right to substitute counsel and the right to self-representation are, of necessity, curtailed once trial begins. After meaningful trial proceedings have commenced, the decision to permit the defendant to exercise either right must be committed to the sound discretion of the trial court. Once trial begins, therefore, Rule 4–215 no longer governs, although the court must still adhere to constitutional standards.

Furthermore, the history of Rule 4–215 supports our conclusion that the Rule does not apply after trial begins. The original rule regarding waiver of the right to counsel was Rule 719, which stated that:

> If, *at any stage of the proceeding,* an accused indicates a desire or inclination to waive representation, the court shall not permit such a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof; (ii) that the right to counsel includes the right to the prompt assignment of an attorney without charge to the accused, if he is financially unable to obtain private counsel; (iii) that even if the accused intends to plead guilty, counsel may be of substantial value in developing and presenting material which could affect the

sentences; and (iv) that among the accused' s rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of the charges beyond a reasonable doubt.

(emphasis added).[11] Rule 719 was amended and renumbered as Rule 723; Rule 723 was subsequently redesignated as Rule 3–305, and later as Rule 4–215. *Leonard,* 302 Md. at 122 n. 2, 486 A.2d at 168 n. 2. The current rule, 4–215, omits the "at any stage of the proceedings" language from the original rule. By omitting this phrase, it is clear to us that the procedural requirements of 4–215 were not intended to apply in every situation where a defendant waived counsel. The focus of the Rule was progressively narrowed to concentrate on early-stage decisions to dismiss counsel.

In addition, requiring trial courts to adhere to the Rule throughout trial would present unnecessary and cumbersome procedural obstacles to an efficient trial. For example, if Rule 4–215(e) applied throughout the trial, it would require the court to permit dismissal of counsel if the defendant could demonstrate a meritorious reason, regardless of any counter-vailing considerations. This interpretation would increase the risk of disruption and jury confusion, consequently increasing the risk of mistrial. Moreover, this view would be contrary to the overwhelming weight of authority, which supports allowing trial courts the discretion to determine whether discharge of counsel should be permitted during trial.[12] For all of the

---

**11.** The same language was used in Maryland District Rule 726(a), which required a full-scale waiver inquiry whenever "a defendant appears in court at any stage of a criminal proceeding, including a preliminary hearing, and is not represented by counsel...." *See Green v. State,* 286 Md. 692, 695, 410 A.2d 234, 236 (1980). Rule 4–215(c) is in part derived from Rule 726.

**12.** By our interpretation of Rule 4–215, however, we do not suggest that defendant's right to counsel is in any way diminished after trial begins; unquestionably, a defendant has the right to effective assistance of counsel throughout trial. We merely recognize the widely accepted limitation on the defendant's right to obtain substitute counsel after trial commences. Although a defendant may allege a reason for dis-

foregoing reasons, we hold that Rule 4–215 applies up to and including the beginning of trial, but not after meaningful trial proceedings have begun.

## B.

■■■ Although we conclude that Rule 4–215(e) does not apply to decisions to discharge counsel after trial has begun, the trial court must determine the reason for the requested discharge before deciding whether dismissal should be allowed. While the trial court has broad discretion, once trial has begun, to determine whether dismissal of counsel is warranted, the court's discretion is not limitless. The court must conduct an inquiry to assess whether the defendant's reason for dismissal of counsel justifies any resulting disruption. This inquiry must meet constitutional standards. *See, e.g., Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

■■■ We acknowledge that there is little to guide the trial judge in the exercise of this discretion. Therefore, in future proceedings, we suggest that the trial judge consider the following factors in deciding whether to permit discharge of counsel during trial: (1) the merit of the reason for discharge; (2) the quality of counsel's representation prior to the request; (3) the disruptive effect, if any, that discharge would have on the proceedings; (4) the timing of the request; (5) the complexity and stage of the proceedings; and (6) any prior requests by the defendant to discharge counsel. *See Sapienza v. Vincent,* 534 F.2d 1007, 1010 (2d Cir.1976); *People v. Cummings,* 4 Cal.4th 1233, 18 Cal.Rptr.2d 796, 850 P.2d 1, 57 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1576, 128 L.Ed.2d

---

missal with some merit, such as a personal conflict with counsel that interferes with attorney/client communication, this may not warrant substitution of counsel after trial is underway. *See State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173, 185–86 (1983). Furthermore, such an interpersonal conflict would rarely amount to constitutionally "ineffective assistance" that would deprive the defendant of the right to assistance of counsel. Thus, the decision to permit substitution of counsel is properly left to the trial court's discretion.

219 (1994); *People v. Windham,* 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1191–92 (1977), *cert. denied,* 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977). Generally, the longer the defendant waits to request discharge of counsel, the stronger the rationale must be to warrant counsel's dismissal. In evaluating trial court decisions on motions to dismiss counsel during trial, we shall apply an abuse of discretion standard.

## V.

In this case, Respondent requested permission to dismiss his counsel after the State had presented evidence in the case-in chief. Under the circumstances of this case, we conclude that meaningful trial proceedings had commenced. Rule 4–215 therefore did not apply, and the decision to permit dismissal of counsel was committed to the trial court's discretion.

The record reflects only a superficial inquiry by the trial judge into the reasons for Respondent's request:

[DEFENSE COUNSEL]: Judge, may I interject for a moment? I don't mean—

[THE COURT]: . . . we have certain procedures—

[DEFENSE COUNSEL]: I know we do.

[THE COURT]: You will have an opportunity to be heard.

[DEFENSE COUNSEL]: It has nothing to do with being heard.

[THE COURT]: What is it?

[DEFENSE COUNSEL]: My client wishes to dismiss me at this point in time.

[THE COURT]: For what reasons?

[DEFENSE COUNSEL]: I guess on the advice of his father.

[DEFENDANT'S FATHER]: You can't represent him. You don't know nothing about his case, sir.

[THE COURT]: We are in the middle of the trial. We will proceed. Go ahead.

[DEFENSE COUNSEL]: Am I—

[THE COURT]: You are still counsel, yes.

As indicated by this brief colloquy, the trial judge did not determine whether defendant was attempting to assert his right to proceed pro se or asking the court to appoint substitute counsel. Although the court may consider similar factors, regardless of which form of relief the defendant desired, the court should have made this basic determination at the outset. *See supra* note 6.

■ Once defense counsel advised the court of Respondent's desire to discharge him, the court was required to afford Respondent an opportunity to explain the reasons for his request. The exchange between the court and defense counsel demonstrates that the trial judge did not provide an opportunity for Respondent to explain his desire to discharge counsel. Defense counsel's speculation that Respondent's request was based on the "advice of his father" does not provide an adequate explanation of Respondent's reasons. It is Respondent's reply, not that of his father, that ordinarily would be relevant to determine whether or not the discharge should be permitted, because the right to counsel and the right to self-representation are personal rights. *See Faretta,* 422 U.S. at 819, 95 S.Ct. at 2533. Furthermore, the father's view on whether counsel should be discharged may not be imputed to Respondent. The trial court was obligated to inquire further into the substance of Respondent's dissatisfaction with his counsel.[13]

---

**13.** Based on the limited record and Respondent's prior motion for a continuance, we infer that the crux of defendant's father's complaint was counsel's inadequate preparation. We can not determine from the record whether the trial court treated this as the basis for its decision, rejecting the motion based on counsel's performance up to that point in the proceedings. As the United States Court of Appeals for the Third Circuit stated in *United States v. Welty,* 674 F.2d 185 (3d Cir.1982):

It is vital that the ... court take particular pains in discharging its responsibility to conduct these inquiries concerning substitution of counsel and waiver of counsel. *Perfunctory questioning is not sufficient* [.]

*Id.* at 187 (emphasis added).

Furthermore, although the trial court need not state all its reasons for denying defendant's request to discharge counsel, the better practice is

█ The State asserts that the trial court's refusal to permit dismissal was not an abuse of discretion because Respondent never personally explained the reasons for his request to discharge counsel. The onus, however, is not on Respondent to interrupt a discussion between the court and his attorney to offer an explanation, but rather the responsibility is on the trial judge to ensure that the reason for requesting dismissal of counsel is explained. *See People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44, 47–48 (1970). Although the trial judge need not engage in a full-scale inquiry pursuant to Rule 4–215, the judge must at least consider the defendant's reason for requesting dismissal before rendering a decision.[14] We conclude that the trial judge abused his discretion by failing to consider the defendant's reason for seeking to dismiss counsel.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. CASE REMANDED TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR A NEW TRIAL. COSTS TO BE PAID BY WICOMICO COUNTY.*

---

for the trial court to provide a sufficient rationale for its denial of substitution or pro se defense on the record to facilitate appellate review. *See, e.g., Lyons v. State*, 106 Nev. 438, 796 P.2d 210, 214–15 (1990); *People v. Windham*, 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1192 & n. 6 (1977), *cert. denied*, 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977).

**14.** Although the record does not reflect an unequivocal assertion of the right to defend pro se, the defendant might have articulated such a request if the trial judge had properly proceeded to explore the reasons for dismissing counsel. Because we conclude the trial court's failure to make this inquiry constituted an abuse of discretion, however, we need not reach the issue of whether Brown unequivocally asserted his *Faretta* right.