**Stephen P. SAPIENZA, on behalf of Alfred A. Argentine, Relator-Appellant,**

v.

**Leon J. VINCENT, Warden, Green Haven Correctional Facility, Appellee.**

**Docket No. 75–2078.**

United States Court of Appeals, Second Circuit.

Argued October 23, 1975.

Decided March 26, 1976.

Burton C. Agata, Hempstead, N. Y. (Reisch, Klar & Lane, P. C., Mineola, N. Y., of counsel), for relator-appellant.

A. Seth Greenwald, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for appellee.

Before MOORE, FEINBERG, VAN GRAAFEILAND, Circuit Judges.

MOORE, Circuit Judge:

Relator-appellant, on behalf of Alfred A. Argentine, appeals from an order of the United States District Court for the Eastern District of New York (Judd, *J.*) dismissing without a plenary evidentiary hearing his petition for a writ of habeas corpus. The principal contention is that during a state court trial on criminal charges of forgery and larceny, Alfred A. Argentine ("Argentine") was unconstitutionally deprived of the right to proceed *pro se.* We affirm the district court's disposition of this and all other claims presented by appellant. Our reasons follow a recitation of the facts and the sundry legal proceedings which preceded this appeal.

In 1963 Argentine forged the drawer's signature on a $356 check and entered a travel agency where he filled in the name of the payee in front of a clerk. He was indicted in Nassau County on two counts of forgery and one count of grand larceny. An attorney of the Public Defender's Office, Mr. McDonough, was appointed to represent him.

On December 16, 1963, Mr. McDonough asked to be relieved due to appellant's refusal to discuss the case. The motion was denied. The case came on for trial on January 6, 1964 in the Nassau County Court. The court denied an adjournment motion and Mr. McDonough's renewed motion to be relieved as counsel, and the trial commenced. But the next day prejudicial publicity prompted a mistrial motion which was granted.

The new trial commenced on January 20, 1964, before Judge Kelly. Various motions including once again, a motion by Mr. McDonough to be relieved as counsel and a motion by appellant himself to change venue were denied. During the course of the trial, Mr. McDonough renewed his motion to be relieved, and as the trial was nearing

its end, a motion was made for the first time on behalf of defendant to allow him to proceed *pro se*. These motions were also denied. Mr. McDonough also informed the court that he had located three of the seven people whom Argentine desired to call. One of the three had been subpoenaed but did not appear in court. Mr. McDonough did not think that the testimony of the other two would be helpful, and ultimately the defense rested without putting in any evidence.

Argentine was convicted of all three counts, judgment was entered and he was sentenced to concurrent imprisonment terms of ten to twenty years on the first two counts and two and one-half to ten years on the third count. This marked both the end of appellant's trial proceedings and the beginning of a host of unsuccessful or indecisive post-judgment attacks.

On March 18, 1964, Argentine filed a notice of Appeal from the judgment to the Appellate Division, Second Department of the Supreme Court of the State of New York. The appeal was dismissed for failure to prosecute in October 1966. Leave to appeal to the Court of Appeals was denied. A motion to vacate the dismissal order was denied by the Appellate Division on April 24, 1975.

Argentine's first *coram nobis* application was denied on September 25, 1964, without a hearing. The denial was affirmed by the Appellate Division on May 29, 1967.

On June 9, 1969, Argentine filed a petition for a writ of habeas corpus with the County Court in Wyoming County, New York, alleging, *inter alia*, that during his trial he was denied the right to proceed *pro se* and the right to compulsory process, improperly denied a change of venue and was prejudiced by pretrial publicity. Although hearings were completed on April 13, 1970, to date no decision has been rendered.

On December 31, 1969, the Nassau County Court, *per* Kelly, *J.*, denied without a hearing Argentine's second petition for a writ of error *coram nobis*. The Appellate Division reversed and remanded the petition to the County Court for a hearing. An exhaustive and comprehensive hearing was conducted by Judge Gibbons, who denied the petition. No appeal was taken.

On October 10, 1973, Argentine's third petition for a writ of error *coram nobis* was denied by the Nassau County Court, *per* Altimari, *J.* After reargument, the court adhered to its denial on October 26, 1973.

Finally, Argentine initiated the instant proceedings by petitioning the District Court for the Eastern District of New York for a writ of habeas corpus. The petition alleged various denial of rights which had been raised, in one form or another, in his collateral attacks in the state courts.

THE OPINION BELOW

After reviewing the exhibits attached to the petition, additional affidavits, and the transcript of the trial and the court proceedings before Judge Gibbons and Judge Altimari, the court adopted the factual determination made by Judge Gibbons in the course of Argentine's second application for a writ of error *coram nobis*. The court concluded that the fact findings were accurate and that the hearing had been thorough and fair. Noting that Argentine's State habeas petition had been pending for over five years, the court held that despite Argentine's failure to prosecute appeals from some of the adverse state proceedings, state remedies were exhausted. The court then proceeded to the merits and held that all of Argentine's claims were meritless.

As to Argentine's asserted denial of the right to counsel of his own choice, the court found that Argentine had had no available funds for the retention of counsel and that he was competently represented by Public Defender McDonough. As to Argentine's asserted denial of compulsory process, the court determined that the prospective witnesses whom Argentine desired to have testify would have disclosed, at best, minor contradictions of prosecution witnesses on collateral points and might have linked Argentine with a bookmaking operation. The court held that McDonough's determination not to call them was reasonable and did not deprive Argentine of a fair trial. As to

Argentine's claimed denial of the right to confrontation and his allegation that the prosecutor suppressed material testimony, the court held that the exposure of one additional misdemeanor conviction of one of the prosecution witnesses would only have been cumulative, and that other undisclosed evidence would have been collateral. He held that the District Attorney had not deliberately concealed facts.

In the course of its consideration of Argentine's right to counsel argument, the court summarily rejected his *pro se* representation claim with the observation that "the court was correct in not relieving Mr. McDonough and leaving Argentine to defend himself *pro se*".

ISSUES ON APPEAL

Very few of the issues discussed in the lower court opinion merit additional comment.

■ Appellee does not argue that Argentine has failed to exhaust his remedies. Since Argentine's state habeas corpus proceedings are apparently in a state of suspended animation, appellee's circumspection is no great concession. Inordinate delay in concluding its post-judgment criminal proceedings may preclude a state from relying on the exhaustion requirement to defeat Federal review. *St. Jules v. Beto*, 462 F.2d 1365 (5th Cir. 1972); *Smith v. Kansas*, 356 F.2d 654 (10th Cir. 1966), *cert. denied*, 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967).

■ Although appellee claims that the lower court *could* have rested its decision on the ground of "deliberate bypass", appellee does not argue that the court abused its discretion in not so doing and, therefore, we have no occasion to reach the issue.

■ The record of Judge Gibbons' hearing confirms the lower court's conclusion that a plenary hearing was unnecessary. That record indicates that Argentine received a full and fair hearing during which the material facts were adequately developed and the underlying factual disputes, resolved. Accordingly, the lower court properly relied on facts as found by the state court *per* Gibbons, *J.*

Judge Gibbons determined that a motion for leave to proceed *pro se* was not made until after the trial was nearing its end. This brings Argentine's *pro se* representation claim within the ambit of *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966), where we held that:

"Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer, and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance."

■ The recent Supreme Court decision, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), casts no pall on our *Maldonado* ruling. *Faretta* does not involve motions made after the commencement of trial and in that decision the Court cited (without disapproval) *Maldonado* which does. *Faretta, supra*, at 817, 95 S.Ct. at 2532, 45 L.Ed.2d at 571. Thus we adhere to *Maldonado*. Subsequent application of its rule indicates that the reason for the request, the quality of the counsel representing the party, and the party's prior proclivity to substitute counsel are all appropriate criteria to be factored into the balance. *See, United States v. Catino*, 403 F.2d 491, 497–98 (2d Cir. 1968), *cert. denied*, 394 U.S. 1003, 89 S.Ct. 1598, 22 L.Ed.2d 780 (1969); *United States v. Ellenbogen*, 365 F.2d 982, 988–89 (2d Cir. 1966), *cert. denied*, 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967). These considerations dispose of Argentine's claim. His public defender was competent. Argentine was obstinate, and the ill-timed request followed a torrent of abortive counsel substitutions.

Argentine's faith that this *pro se* claim might yet be resurrected rests upon an isolated remark in the lengthy lower court opinion to the effect that Argentine asked

for leave to proceed *pro se* before the jury had been selected. This comment finds absolutely no support in the records which were before the lower court, and in light of Judge Gibbons' specific finding to the contrary and the lower court's express adoption of the entirety of Judge Gibbons' findings, it is obvious that the remark on which Argentine relies was merely an unintentional slip.

It would be purposeless to remand the case on this issue since it is inconceivable that an evidentiary hearing would produce any more reliable a record than the one which the lower court specifically adopted. *Accord, Bradley v. State of Texas,* 470 F.2d 785, 788 (5th Cir. 1972); *cf. United States ex rel. Berkery v. Rundle,* 390 F.2d 599, 600 (3rd Cir.), cert. denied, 392 U.S. 913, 88 S.Ct. 2072, 20 L.Ed.2d 1371 (1968).

An exhaustive review of the papers submitted to the lower court, the petition and answer, and the briefs in this appeal indicates that Argentine's remaining arguments are without merit.

The order of the District Court dismissing the petition is affirmed.