■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GALLINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 24, 1986, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

During the defendant's trial, one of the sworn jurors was observed talking to a spectator. The trial court conducted an inquiry of the juror in the presence of both counsel. The juror informed the court that the spectator worked at a dentist's office where the juror had been a patient. The spectator had recognized the juror in the elevator and asked her when she was returning to the dentist. That evening, the spectator telephoned the juror at home to inquire about an outstanding bill. The spectator also asked the juror what she thought about the case. The juror told the spectator that she had taken an oath and could not discuss the case.

Thereafter, a second inquiry of the juror was conducted at the prosecutor's request. In response to questions posed by the court and respective counsel, the juror unequivocally indicated that she could remain impartial. Later in the trial, the prosecution moved for removal of the juror on the ground that she was "less than candid with the court". Specifically, they claimed that their investigation revealed that she did not have an outstanding bill with the dentist. Over the defendant's objection, the court removed the juror, stating: "I don't see the tampering at all. I do see the need for further inquiry and I do see that we may have a circumstance which may influence the juror's judgment". After the jury's verdict, it was determined that the juror did in fact have an outstanding dentist's bill.

Upon this record, the trial court's discharge of the juror was improper. Once a trial jury has been sworn, the court must discharge a juror when it "finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature, but not warranting the declaration of a mistrial" (CPL 270.35).

Clearly, the actions of the juror in this case cannot be characterized as misconduct, let alone "misconduct of a substantial nature" (CPL 270.35). In fact, it appears that the juror was completely candid with the court.

Nor can it be said that the juror was rendered "grossly unqualified" (CPL 270.35) to serve as a juror by virtue of her contact with the spectator. A juror is grossly unqualified to serve when "it becomes obvious that [she] possesses a state of mind which would prevent the rendering of an impartial verdict" *(People v West,* 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd on dissenting opn below* 62 NY2d 708; *People v Galvin,* 112 AD2d 1090, 1091, *lv denied* 66 NY2d 919). In concluding that a juror is grossly unqualified, "the trial court may not speculate as to the likelihood of partiality, but rather, must be convinced, after a probing and tactful inquiry, that the sworn juror will be unable to deliberate fairly and render an impartial verdict" *(People v Cargill,* 70 NY2d 687, 689; *People v Buford,* 69 NY2d 290, 299).

Under the circumstances, it was error to discharge the juror, and, because that error violated the defendant's constitutionally guaranteed rights, there should be a new trial *(see, People v West,* 62 NY2d 708, *supra).*

We find no merit to the remaining contentions raised by the defendant. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.