■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CACERAS, Also Known as JOSE ALMONTE, Also Known as RAFAEL TAVERAS, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered October 27, 1986, convicting defendant, after trial by jury, of robbery in the first degree and sentencing him, as a predicate violent felon, to a term of 9 to 18 years, is unanimously affirmed.

The sufficiency of the evidence of defendant's guilt of the robbery of Paula Clinton is not disputed on this appeal and, in any event, was overwhelming.

Defendant's sole claim is that the trial court erred in not questioning two jurors to ascertain whether they had been improperly influenced by the comments of an alternate juror whom the court discharged.

During the trial, alternate juror number one informed the court that she recognized a spectator sitting in the courtroom and was apprehensive since she had seen this spectator in her neighborhood, close to the robbery scene, many times and that "he knows exactly where I live because he hangs out where I live". In response to the court's inquiry, the alternate juror said: "I believe I would be fair, but I'm—I don't want to be here because I've been around the drug areas so much that I may be—being biased never affected me, I never felt like—I know I'd be fair, but I'm just scared of the situation."

Defense counsel asked, *inter alia,* whether she had spoken to any other juror and she replied that she had said to two female jurors that she was scared about continuing to serve. She noted, however, that "it was very vague" and "I don't think they really thought about it". The two jurors had not asked her any questions. When the court thereupon excused this alternate juror, the defendant objected on the ground that the defendant had a right to a jury of his peers, which should include people from his neighborhood, if possible. He did not state any further objection or request any additional relief regarding any of the other jurors. Since defendant failed to ask for further inquiry of the two jurors, he failed to preserve his present claim for appellate review as a matter of law (*Matter of People ex rel. Green v La Vallee,* 55 AD2d 958, *lv denied* 41 NY2d 805).

In addition, the interests of justice do not require reversal on the basis of defendant's claim raised for the first time on this appeal. His position that it was error not to examine two jurors as to their possible prejudice is inconsistent with his stand at trial, when he opposed even the excusal of the alternate juror.

In any event, Criminal Term has broad discretion in deciding on an appropriate course to take when faced with the issue of discharge of the alternate and the possible impact on the two other jurors (*see, People v Moore,* 42 NY2d 421, 433-435, *cert denied* 434 US 987) and there was no abuse of that discretion here. The court made careful inquiry as to the alternate's ability to render an impartial verdict and provided defense counsel an opportunity to inquire further. When that inquiry revealed that the alternate had made brief comments

concerning her fear to two other jurors, but said the comments were "vague" and the other jurors "didn't really think about it", the court acted within the scope of its discretion in not, *sua sponte,* questioning the other jurors. Under the circumstances, such further, unrequested inquiry might have precipitated prejudice in the remaining jurors where none existed before. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.