■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO LANFRONCO, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June

6, 1989, convicting defendant of criminal sale of a controlled substance in the first degree (one count) and criminal possession of a controlled substance in the third degree (three counts), and sentencing him to a term of imprisonment of 15 years to life, and three concurrent 8-⅓ to 25 years terms, unanimously affirmed.

Defendant, working with his brothers and the owner of a Brooklyn restaurant sold over $30,000 worth of heroin to an undercover officer between August 4 and November 1, 1988. The detective and defendant held numerous telephone conversations to arrange the later deals. The conversations, in which the heroin was referred to as shoes or leather, were recorded, and at the trial the detective's translations of the dialogue were admitted into evidence. A language expert called by the People testified that the detective's translation was accurate. Before the last deal was completed, defendant, one brother and the restauranteur were arrested. Later the same day defendant's other brother was arrested and drug paraphernalia, including a rubber stamp matching the lettering on the glassine envelopes that the police bought, was seized from inside an apartment that the police had under surveillance in connection with the investigation.

The trial court did not err when it ruled that the transcripts of the tapes were admissible. *(People v Santos,* 168 AD2d 392, *lv denied* 77 NY2d 911.) Since the tapes were in Spanish, they were of little value to the jury. No point would have been served by playing them. Any present concern with the accuracy of the tapes was adequately addressed by the expert's testimony. The jury did not hear the "inflections" and "nuances" of the recorded voices, but the court did not abuse its discretion by not requiring a court interpreter to make a contemporaneous translation before the jury.

Defendant was not deprived of his right to be present at trial, and the court did not improperly delegate a judicial duty, when the court, with the consent of counsel, had a member of the courtroom staff take the transcripts to the jury. *(People v Roldan,* 173 AD2d 233, *lv denied* 78 NY2d 926.) Not every communication with a deliberating jury requires the participation of the court or the presence of the accused. *(People v Harris,* 76 NY2d 810; CPL 310.30.) Significantly, before the jury retired and in defendant's presence, the court, after a conference with counsel, told the jury that it could get the exhibits simply by asking for them. The protested proceeding only served to carry out the agreement, it did not change

it. Nor did the jury receive substantive instructions from the official.

Defendant also claims that the drug paraphernalia was irrelevant, prejudicial evidence. However, it was properly introduced as it served to establish that defendant had access to a supply of heroin and that defendant was really talking about heroin, not shoes or leather. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.