■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ESPINAL, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 16, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree and sentencing him to a indeterminate term of imprisonment of from eight and one-half years to life, unanimously affirmed.

This prosecution involves a multiple defendant indictment alleging several sales of heroin. During one of the sales, defendant was observed by a surveillance team transporting a concealed quantity of heroin from an apartment to the restaurant he owned, where some of the negotiations had taken place. At the directions of the principal in the sale, defendant then carried the heroin to an apartment over the restaurant. When the undercover officer tendered the buy money, defendant counted it, indicated a deficiency, counted the money again, and then indicated satisfaction with the payment. This evidence, coupled with the other evidence, was sufficient to establish defendant's knowing participation in the drug sale *(People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041), and constitutes legally sufficient evidence of guilt.

Defendant's challenge to the accuracy and admissibility of the transcripts is unpreserved for review as a matter of law (CPL 470.05). In any event, were we to review the issue, we would conclude that the testimony of the undercover officer, a participant in the conversation, established a proper foundation *(see, People v Ely,* 68 NY2d 520, 527). Furthermore, the

claim concerning the conversations between the codefendant and the undercover is rejected, consistent with our ruling in the companion case of *People v Lanfronco* (176 AD2d 201, *lv denied* 79 NY2d 828).

Defendant challenges the discharge of a sworn juror who had overheard defense counsel, in the hallway, refer to the court proceedings as an "inquisition". At a voir dire the juror indicated that she, in fact, heard the comment, which "did not stay in my mind." Although the juror stated that she could put aside the remark and concentrate on the evidence only, counsel for codefendant and defendant's attorney requested that the juror be excluded "[f]or appearance[s] sake." The court replaced the juror with an alternate. Defendant now argues that the statutory standard for the discharge of a juror has not been met *(see,* CPL 270.35). Clearly, defendant has, by his acquiescence in the juror's discharge, failed to preserve the issue. *(See,* CPL 470.05 [2]; *People v Hopkins,* 76 NY2d 872.) We see no reason to reach the issue in our interest of justice jurisdiction.

Defendant also argues that the court's failure to discharge a five-months pregnant juror, who, during deliberations, complained of illness, warrants reversal. Again, the error is unpreserved since defendant never objected to the court's decision not to discharge the juror. After being urged by the court to continue deliberating for the balance of the day, the juror stated, "That is acceptable to me." The juror later assured the court that she was deliberating fairly and she was able to continue deliberating until a verdict was reached. We find no abuse of discretion.

Finally, as to the two jurors who were approached by a spectator during a recess, we agree with the trial court that no significant communication took place and that the ability of these jurors to be fair and impartial was not in any manner compromised. *(People v Garcia,* 153 AD2d 951; *People v Gallina,* 137 AD2d 617, *lv denied* 71 NY2d 1027.) Defendant's current argument that further inquiry should have been made of the other jurors concerning these comments is unpreserved *(People v Caceras,* 154 AD2d 310, *lv denied* 75 NY2d 768), as well as meritless in light of defense counsel's explicit request that no further inquiry be made of the other jurors.

Defendant's argument that the court should not have directed court officers to deliver copies of the transcripts admitted in evidence to the deliberating jury is unpreserved, and, in any event, without merit, since the officers were simply per-

forming a strictly ministerial act *(see, People v Lanfronco, supra).*

Finally, there is no reason to disturb the court's exercise of discretion in sentencing defendant. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.