■ The People of the State of New York, Respondent, v Sergio LaFontaine, Appellant. The People of the State of New York, Respondent, v Edwin Galarza, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 24, 1989, after a jury trial, convicting defendant LaFontaine of conspiracy in the second degree, criminal sale of a controlled substance in the first degree, 5 counts of criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree, and sentencing him to a term of 10 to 20 years for the conspiracy conviction, to run consecutively to concurrent terms of 25 years to life, 12½ to 25 years (5 terms), and 6 months, respectively, and to a fine of $5,000 for the conspir-

acy, first degree sale and first degree possession convictions, respectively, unanimously affirmed.

Judgment, Supreme Court, New York County (Edward Mc-Laughlin, J.), rendered May 24, 1989, after a jury trial, convicting defendant Galarza of conspiracy in the second degree, 2 counts of criminal sale of a controlled substance in the first degree, 4 counts of criminal sale of a controlled substance in the third degree, criminal sale of marijuana in the fourth degree, and criminally using drug paraphernalia in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 20 years to life (2 terms), 8⅓ to 25 years (4 terms), 6 months, and 6 months, respectively, unanimously affirmed.

To the extent that either defendant has preserved a record of the jury selection voir dire, we agree with the trial court that the prosecutor provided racially neutral reasons for the exercise of peremptory challenges *(People v Hernandez,* 75 NY2d 350, 356) as to each strike at issue.

Nor did the court err in discharging a sworn juror pursuant to CPL 270.35 on the ground that the juror, who had already failed to comply with the court's admonishment to appear on time for the proceedings, committed perjury in his explanation for an unexcused absence *(compare, People v Landskroner,* 91 AD2d 755, *with People v Gallina,* 137 AD2d 617, *lv denied* 71 NY2d 1027; *see also, People v Fox,* 172 AD2d 218, 219-220, *lv denied* 78 NY2d 966). Defendant LaFontaine's contention that the seizures of physical evidence from his mailbox expanded beyond the search warrant is without merit, since the mailbox was appurtenant to the specified premises *(see, United States v Ross,* 456 US 798, 820-821; *People v Nieves,* 36 NY2d 396, 401).

We have considered defendants' remaining contentions and, to the extent preserved, find them to be without merit. Concur —Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.