Takeo MATSUSHITA, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 93 Civ. 6005 (JMC).

United States District Court,
S.D. New York.

Jan. 26, 1994.

Takeo Matsushita, pro se.

*MEMORANDUM AND ORDER*

CANNELLA, District Judge.

Petitioner's application for a writ of habeas corpus is denied. 28 U.S.C. § 2255 (1988).

*BACKGROUND*

Petitioner Takeo Matsushita brings this application for a writ of habeas corpus under 28 U.S.C. § 2255 seeking an order overturning his convictions. This Court sentenced the petitioner to a 10–year prison term and a $51,000 fine following his convictions in a jury trial on two counts of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982), one count of carrying a firearm during commission of a felony, 18 U.S.C. § 924(c)(2) (1982), and one count of impersonating a federal officer, 18 U.S.C. § 912 (1982). Petitioner now brings this claim for collateral relief on fifth and sixth amendment grounds asserting that he was denied, *inter alia,* an opportunity to testify on his own behalf, and effective assistance of counsel. The Court, having presided at petitioner's trial, reaffirms the rulings that it made at trial. Accordingly, petitioner's application is denied.

The circumstances attending petitioner's application are as follows. In August 1983, petitioner was arrested for impersonating a federal officer, and later was charged with additional offenses as a result of evidence that was contemporaneously or subsequently discovered.

The pretrial period was marked by long delays caused in part by Matsushita's frequent change of counsel. During the pretrial period, Matsushita was represented by at least five different attorneys.

Trial finally began on June 10, 1985. The government rested its case on June 12th. The next morning, the defense sought to call a witness, but the Court excluded his testimony as irrelevant. Defense counsel stated that he planned to call no more witnesses. The Court then discussed with counsel the requests to charge, and after the jury had been brought back in, the defense formally rested. At that point, Matsushita sought to exercise his right to represent himself. The Court denied this request as untimely. Matsushita persisted in his objection, and the dispute was adjourned to Chambers. Further discussions ensued, and the defendant returned to the courtroom under instructions not to interrupt again in the jury's presence. Shortly after the prosecutor began her summation, however, Matsushita interrupted and demanded that he be allowed to present witnesses. He was found in contempt and quieted, and the summation continued. The jury convicted on all counts.

Following his conviction, Matsushita appealed to the United States Court of Appeals for the Second Circuit. In *United States v. Matsushita*, 794 F.2d 46 (2d Cir.1986), the Second Circuit Court of Appeals rejected Matsushita's fifth and sixth amendment claims. These claims asserted grounds that are substantially identical to those asserted in the instant petition. The Court of Appeals also rejected Matsushita's claim that his right to a speedy trial had been violated, citing his frequent change of counsel, and remanded to Judge Kram[1] for further findings concerning the admission into evidence of items seized in a search and Matsushita's post-arrest statements.

### DISCUSSION

Petitioner claims that he was deprived of his sixth amendment right to represent himself through this Court's denial of his request to assume his own defense. This request came after the defense had rested and after the Court had entertained counsel's requests to charge. His claim is based on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in which the Supreme Court held that a criminal defendant has a constitutional right under the sixth amendment to represent himself.

■ Petitioner argues that this right is unqualified and may be asserted at any point in the criminal proceedings. The law of this Circuit, however, is to the contrary. As the Second Circuit Court of Appeals noted on direct appeal, *see Matsushita*, 794 F.2d at 51–52, the right to proceed *pro se* "is unqualified only if exercised before the commencement of trial." *United States v. Brown*, 744 F.2d 905, 908 (2d Cir.), *cert. denied*, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). *See also Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir.1976) (reaffirming vitality of qualified privilege rule of *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir.1965), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966), even in light of *Faretta* ). The prejudice to the legitimate interests of the defendant must be balanced against the potential disruption of the proceedings in progress. *See Sapienza*, 534 F.2d at 1010. The appropriate criteria for the trial judge to consider are the defendant's reasons for the self-representation request, the quality of counsel representing the party, and the party's prior proclivity to substitute counsel. *See id.*

■ Under these standards, the Court reaffirms its decision at trial that the circumstances warranted a denial of Matsushita's request to represent himself. Matsushita was advised at length in March 1985 about his right to proceed *pro se* and the hazards associated with a decision to exercise that right. Rather than elect to proceed *pro se* at that time, he opted to dismiss his fourth attorney and hire a fifth, a move that Judge Kram allowed with some reluctance. In light of Matsushita's proclivity to change counsel, the Court concluded that Matsushita's objection was simply a disruptive tactic, as opposed to a legitimate request. Matsushita was on notice before the charging conference that the defense intended to rest. Nevertheless, he waited until *after* the jury. had been

---

1. Judge Kram handled the pretrial proceedings, while this Court presided at trial.

brought back in and *after* his attorney had formally rested his case before asserting his right to represent himself. Based upon this record, the Court will not reverse its rulings at trial.

Matsushita also claims that the Court's denial of his even later request to testify and to present witnesses deprived him of his fifth and sixth amendment rights. This request came after the prosecutor had begun her summation. At the time of his request, Matsushita's self-representation motion had been denied and he was under explicit instructions not to make further outbursts in the jury's presence. Ignoring these instructions, he interrupted the government summation, claiming, "I have some witnesses," and demanded a chance to present more evidence. In view of the record, the Court stands by its decision at trial not to reopen the case for further proceedings.

Finally, Matsushita claims that his conviction should be overturned because he was denied effective assistance of counsel. Having presided at Matsushita's trial, the Court rejects this assertion out of hand.

### CONCLUSION

Petitioner's application for a writ of habeas corpus is denied. 28 U.S.C. § 2255 (1988).

SO ORDERED.