■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM CRAWFORD, Appellant. [647 NYS2d 729] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 14, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, consecutive to a term of 20 years

imposed on his conviction for manslaughter in Georgia, unanimously affirmed.

Defendant's contention that the tape recording of his conversation with an informant was erroneously admitted into evidence for failure to provide a proper foundation has not been preserved for appellate review as a matter of law (CPL 470.05 [2]). We decline to review it in the interest of justice since the authenticity of the tape was proven by clear and convincing evidence (*People v McGee*, 49 NY2d 48, 59, *cert denied sub nom. Waters v New York*, 446 US 942; *see also, People v Ely*, 68 NY2d 520, 527). Any weakness as to the evidence of the chain of custody of the tape recording went to the weight of the evidence, not to its admissibility (*People v McGee, supra*, at 60).

The trial court properly refused defendant's request for a jury instruction on intoxication since, viewing the evidence in a light most favorable to defendant (*People v Farnsworth*, 65 NY2d 734), there was insufficient proof of intoxication to allow a reasonable person to entertain a doubt as to the element of intent on that basis (*People v Rodriguez*, 76 NY2d 918). Nor was there any evidence of when defendant ingested crack cocaine, the quantity he ingested or its effect on him (*supra; People v Gaines*, 83 NY2d 925). Contrary to defendant's contentions, the record demonstrates that he lured the victim to the site of the crime, was coherent at that time and strangled the victim for some five minutes until he was sure she was dead.

The nature and brutality of the crime also negate defendant's argument that he formed an intent other than to kill the victim (*see, People v Butler*, 84 NY2d 627, 634). Since there was no reasonable view of the evidence to support a finding that defendant killed the victim by disregarding a substantial and unjustifiable risk that his conduct would kill her, the trial court properly refused to submit the charge of manslaughter in the second degree as a lesser included offense of murder in the second degree (*see, supra*, at 631, citing, *inter alia, People v Scarborough*, 49 NY2d 364, 371). Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Andrias, JJ.