**UNITED STATES of America,**

v.

**Jose MUYET, a/k/a "Raze,"
et al., Defendants.**

**No. S3 95 Cr. 941 (PKL).**

United States District Court,
S.D. New York.

Feb. 20, 1998.

John M. Burke, Brooklyn, NY, for Jose Muyet.

· Thomas M. Finnegan, Assistant U.S. Attorney, New York City, for U.S.

## MEMORANDUM ORDER

LEISURE, District Judge.

By letter dated January 27, 1998, defendant John Muyet asked the Court to reconsider its denial of his request to submit *pro se* amendments to the post-trial motions filed by his appointed counsel, John Burke, Esq. Subsequently, on February 12, 1998, John Muyet sent a letter to the Court stating that he wants to relieve Mr. Burke as his counsel and to proceed *pro se.* For the reasons stated below, the requests are denied.

## DISCUSSION

On April 10, 1997, following a five-month jury trial, defendant John Muyet ("Muyet") was convicted on all twenty-one counts in which he was named in Indictment S3 95 Cr. 941(PKL). Thereafter, the Court granted Muyet's motion to substitute Anthony Ricco, Esq., replacing his trial counsel, Mitchell Golub, Esq. The Court permitted substantial time for substituted counsel to review the trial record and present any arguments on behalf of Muyet in the form of post-trial motions. On August 13, 1997, following Muyet's further request, the Court relieved Mr. Ricco of his duties and appointed John Burke, Esq., to represent Muyet. Muyet accepted Mr. Burke as his attorney, met with him on numerous occasions, and worked with him on the preparation of his post-trial motions. Mr. Burke filed these motions on Muyet's behalf on November 26, 1997, three and a half months after his appointment as counsel.

### I. *Request to Proceed Pro Se*

Muyet now asks that the Court relieve Mr. Burke from his duties as appointed counsel and allow Muyet to proceed *pro se.* Muyet complains that Mr. Burke did not have sufficient time to digest the trial transcript and did not submit motions that identically mirrored Muyet's notes. These contentions are meritless and the Court will not permit further disruption and delay to this proceeding.

■ In *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held that a criminal defendant has a constitutional right under the Sixth Amendment to represent himself. However, in *United States v. Brown*, 744 F.2d 905, 908 (2d Cir. 1984), the United States Court of Appeals for the Second Circuit stated that the right to proceed *pro se* "is unqualified only if exercised prior to the commencement of trial." A court faced with a request by a defendant to proceed *pro se* at any later stage in the proceeding must balance the prejudice to the legitimate interests of the defendant against the potential disruption of the proceedings. *See United States v. Matsushita*, 794 F.2d 46, 51 (2d Cir.1986); *see also Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir.1976). "The appropriate criteria for a trial judge to consider are the defendant's reasons for the self-representation request, the quality of counsel representing the party, and the party's prior proclivity to substitute counsel." *Matsushita*, 794 F.2d at 51; *see also Sapienza*, 534 F.2d at 1010.

Evaluation of the *Matsushita* criteria demonstrates that Muyet's request is entirely devoid of merit. First, Muyet claims that Mr. Burke did not have sufficient time to digest the record and make informed arguments. This is simply incorrect. A period of three and a half months is more than ample time to prepare post-trial motions, even for substituted counsel in a complex case. Muyet also argues that Mr. Burke did not submit Muyet's notes verbatim. This charge is also baseless. Mr. Burke submitted post-trial motions challenging Muyet's convictions under Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure, as well as seeking the Court to recuse itself. In the motion made under Rule 29, seeking dismissal of the charges based on insufficiency of the evidence, Mr. Burke specifically challenged each of counts upon which the jury convicted Muyet. Mr. Burke also raised several alleged instances of ineffective assistance of trial counsel and alleged perjury by government witnesses. Finally, Mr. Burke sought an arrested judgment, based on the alleged lack of federal jurisdiction. The post-trial motions and supporting memoranda on behalf of Muyet are substantial and detailed. If they vary from Muyet's notes, it is simply because Mr. Burke is filling his role as advocate in representing his client's interests. "Defense counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses in the defendant's case." *Brown v. Artuz*, 124 F.3d 73, 77 (2d Cir.1997) (Newman, J.), *petition for cert. filed*, (U.S. Dec. 18, 1997) (No. 97-7198).

As to the consideration of the remaining criteria, the Court takes note that Mr. Burke is an experienced and skilled trial attorney. He has met the highest standards in serving as a court-appointed attorney and filled his role in a professional and competent manner. Those selected to serve as court-appointed attorneys in this Court are among the finest criminal defense attorneys in New York.

Finally, it should be noted that the rate at which Muyet has changed court-appointed lawyers in this case has been unusual and inordinate. The Indictment was filed on October 31, 1995. Shortly thereafter, the Court appointed Martin Geduldig, Esq., to represent Muyet. Previously, Mr. Geduldig had impressed the Court with his advocacy skills by obtaining an acquittal for a client in a criminal jury trial, despite said client having absconded from the country during the trial. Yet, Muyet expressed dissatisfaction in Mr. Geduldig and the Court accommodated his request, substituting counsel and appointing Alan G. Polak, Esq., on or about October 2, 1996. By May 7, 1996, Muyet was again dissatisfied, and the Court accommodated him, relieving Mr. Polak. The Court then appointed Mitchell Golub, Esq., who served as the attorney for Muyet during the five-month jury trial. Since Muyet's conviction, the Court continued to acquiesce to Muyet's requests for substitution of counsel, and appointed first Mr. Ricco and then Mr. Burke to represent Muyet.

■ Muyet has been through five different court-appointed lawyers. The Court has met Muyet's requests to this point, but can no longer countenance his seemingly endless, disruptive, merry-go-round attitude towards his legal representation in this case. The

jury returned its verdict on April 10, 1997. The memoranda supporting the post-trial motions of Muyet were fully submitted as of February 18, 1998. The Court will not allow the conclusion of these proceedings to be prolonged by what appears to be manipulative efforts by defendant. Muyet's latest wish to appear *pro se*, just as the Court is to consider the significant post-trial motions in his case, would serve no purpose other than to undermine and delay the orderly administration of justice. There has been no companion request from his attorney to be relieved from his professional responsibilities in representing Muyet's interests in these proceedings. Under these circumstances, the Court orders that Muyet may not appear *pro se* and that Mr. Burke will continue to serve as his attorney herein.

## II. *Reconsideration of the Court's January 22, 1998 Order*

On January 22, 1998, the Court denied Muyet's request to submit *pro se* supplements to the papers filed by Mr. Burke in support of Muyet's post-trial motions. Muyet then wrote to the Court, attempting to explain the error of the Court's ways. The Court has considered Muyet's arguments and finds them wholly unpersuasive. Muyet contends that Mr. Burke did not have sufficient time to review the record. As the Court has determined, *supra,* this argument must fail. A period of over three months certainly is enough time to file post-trial motions, even for substituted counsel.

In the January 27 letter, Muyet also indicates that he never accepted Mr. Burke as his attorney. Again, this is an incorrect characterization of the developments. Muyet has met with Mr. Burke on numerous occasions and worked with him in the preparation of the motions in question. In fact, in the January 27 letter, Muyet specifically states that he was not seeking to withdraw the motions filed by Mr. Burke.

■ There is no merit to Muyet's objections to the Court's January 22 Order denying his request to submit supplemental *pro se* motions. Accordingly, that Order remains in full force and effect.

## CONCLUSION

For the reasons stated above, the requests of John Muyet are HEREBY DENIED. There will be absolutely no further consideration of substitution or replacement of counsel with respect to the post-trial motions. These motions are fully submitted for the Court's consideration.

**SO ORDERED.**