**Thomas L. CRAWFORD, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 98 Civ. 7938(VM).**

United States District Court, S.D. New York.

Sept. 22, 2000.

Thomas L. Crawford, Dannemora, NY, pro se.

Alice Wiseman, Robert M. Morgenthau, Dist. Atty., New York City, for Respondent.

## DECISION AND ORDER

MARRERO, District Judge.

Thomas L. Crawford, *pro se* and incarcerated, petitions for a writ of habeas corpus under 28 U.S.C. § 2254, attacking his 1992 New York State murder conviction. The Respondent, represented by the New York County District Attorney's Office (the "State"), moves to dismiss the petition on two alternative grounds: 1) it is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year limitations period, 28 U.S.C. § 2244(d)(1); or 2) it is precluded for failure to exhaust state remedies. For the reasons discussed below, the motion is denied.

## BACKGROUND

In 1992, Crawford was convicted of murder in New York County Supreme Court. He was sentenced to twenty five years to life imprisonment and is currently incarcerated at Clinton Correctional Facility. The Appellate Division, First Department affirmed the conviction, and, on January 27, 1997, the New York State Court of

Appeals denied leave to appeal from the Appellate Division. *See People v. Crawford,* 231 A.D.2d 431, 647 N.Y.S.2d 729 (1st Dept.1996), *leave to appeal denied,* 89 N.Y.2d 941, 655 N.Y.S.2d 892, 678 N.E.2d 505 (1997). Crawford did not petition the United States Supreme Court for a writ of certiorari.

Crawford filed the instant petition in October 1998, raising several grounds for relief, among them failure to give a proper *Miranda* warning, involuntary confession, and ineffective assistance of counsel. Crawford claims that he raised the same challenges to his conviction on collateral attack in state court under N.Y.Crim. P. Law § 440.10. In his § 2254 petition, Crawford indicates that the § 440.10 motion was denied without hearing on February 27, 1998. There is no record of that decision, however, and as will be discussed, other papers before the Court suggest that the § 440.10 motion, if indeed filed, was never resolved.

In November 1999, the State informed the Court that the trial court's file with respect to Crawford's case was missing, and that there was no record of the § 440.10 motion having been filed or decided. Upon the State's request, Judge Koeltl directed Crawford to produce to the State any documents in his possession that related to the § 440.10 motion so that issues of exhaustion and timeliness could be resolved.

In response to the Court's Order, Crawford produced the following:

(1) a July 1, 1997 letter from the trial court's "Motion Support Office" acknowledging receipt of a "440.10 motion";

(2) a December 22, 1997 letter from the Motion Support Office acknowledging receipt of an unspecified motion;

(3) the trial court's February 27, 1998 order denying Crawford's request for poor person's relief;

(4) the State's letter to the Appellate Division opposing Crawford's application

for leave to appeal from the February 27, 1998 order; and

(5) Crawford's September 20, 1998 letter to the trial court's Motions Clerk, complaining that he had received no decision on his § 440.10 motion.

The State then filed this pre-answer motion to dismiss. The State's attorney attests that she has searched diligently but has not found the elusive § 440.10 motion, any record of its disposition, or Crawford's case file. However, Counsel also declares that she has uncovered a "motions logbook" maintained by the trial court which reveals that Crawford filed a "440.10 motion" on June 26, 1997. The State has also provided—presumably from the prosecutor's case file—1) a letter from the Motion Support Office to Crawford informing him that his § 440.10 motion had been calendared for July 25, 1997, and that he would be notified when a decision had been entered, and 2) a September 20, 1998 letter from Crawford, addressed to the trial court's motion clerk, inquiring whether the order denying poor persons relief constituted a denial of his § 440.10 motion.

## DISCUSSION

AEDPA imposes a one-year limitations period in which state prisoners can petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year period generally runs from the date on which the state criminal judgment becomes "final".

The State argues that "case law in this Circuit contains contradictory statements concerning when the state conviction becomes final." According to the State's reading of the case law, the Second Circuit has held that a conviction becomes final either when direct review in the state courts is exhausted (as, for example, when the New York Court of Appeals denies leave to appeal) or when review in the United States Supreme Court is exhausted (as when the time to seek review by certiorari expires). The State presses here for the former interpretation.[1]

1. Counsel relies in part on an unpublished Second Circuit decision, *Layer v. Walker,* 182

The Court need not be detained by this issue. The case law is clear. Crawford's conviction became final on April 28, 1997, when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expired. *See, e.g., Valverde v. Stinson,* 224 F.3d 129 (2d Cir. 2000); *Acosta v. Artuz,* 221 F.3d 117, 120 (2d Cir.2000); *Warren v. Garvin,* 219 F.3d 111, 112 (2d Cir.2000); *Smith v. McGinnis,* 208 F.3d 13, 15 & n. 1 (2d Cir.2000) *(per curiam), petition for cert. filed* (U.S. Apr. 17, 2000) (No. 99–9695); *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir. 1998); *see also* S.Ct. R. 13(1) (establishing ninety day period for filing petition for writ of certiorari).

Crawford thus had until April 28, 1998 to file his habeas petition, that is, one year from the date his conviction became final by the expiration of time to petition for certiorari. AEDPA, however, has a tolling provision that applies to the limitations period. The statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The State posits that with respect to the tolling issue, "there are two factual scenarios for this Court to consider: either a 440.10 motion raising an issue raised in the instant petition was filed on or after June 26, 1997 and denied on February 27, 1998, as petitioner has alleged, or a motion was never filed after the completion of direct review with respect to the claims petitioner now raises." The State maintains that the motion was never filed, and that the tolling provision is therefore inapplicable and the petition is time-barred. The State argues alternatively that if the motion were filed on the date Crawford alleged, June 26, 1997, then the Court must also accept that the motion was denied on February 27, 1998, as Crawford initially alleged, and AEDPA's tolling provision would thus fail to save the § 2254 petition from the time limitation.

As already noted, the state trial court recorded in its motion logbook a "440.10 motion" filed by Crawford, and mailed an acknowledgment to Crawford that the 440.10 motion was received. All this proves, according to the State, is that Crawford filed something he styled a "§ 440.10 motion", not, as one might reasonably conclude, that Crawford actually filed a substantive § 440.10 motion. Indeed, *pro se* litigants often mislabel their court papers or request inappropriate relief under certain motions. Without the trial court record, this Court cannot with certainty determine the true nature of the motion logged by the state court as a § 440.10 motion. Rather than conjecture, the Court accepts at face value both the trial court's motion logbook and Crawford's representation that he demanded appropriate relief under § 440.10. Hence, the limitations period was tolled as of June 26, 1997.

The state has suggested that if the Court accepts that Crawford in fact filed a § 440.10 motion, it must also accept that the motion was denied on February 27, 1998, as Crawford reported in his § 2254 petition. The trial court order dated February 27, 1998, the date Crawford claimed his § 440.10 motion was denied, is in fact an order denying Crawford's request for poor person's relief. On at least one occasion, Crawford wrote the trial court inquiring whether the February 27th order constituted a denial of his 440.10 motion, but he received no reply. Given the absence of any record that a § 440.10 motion was denied on the day in question, this Court sees no reason to hold Crawford to the date he listed in his petition.

While neither of the scenarios proffered by the State are compelling, this Court can conceive of a third scenario, perhaps more plausible than those drawn by the State—

F.3d 900 (2d Cir. June 22, 1999). Counsel is reminded that the Second Circuit's rules pro-hibit citation to its unpublished decisions. *See* Second Circuit Rule 0.23.

Crawford filed a § 440.10 motion on June 26, 1997, as he claims, but it has not been adjudicated because somewhere in the process the motion papers, along with the rest of the case file, were lost within the trial court. If so, the tolling period is still in effect and Crawford's § 2254 petition is timely.

The State anticipated this possibility as well, and suggests that if Crawford filed a § 440.10 motion that is still pending, then the instant § 2254 petition must be dismissed for failure to exhaust. According to the State's theory, for Crawford to properly exhaust, he must return to state court and either seek a writ of mandamus to compel a decision on his motion, or resubmit his § 440.10 motion to the trial court.

A habeas petition may not be granted to a state prisoner unless he has exhausted state remedies, or no state corrective procedure exists, or there exist "circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). There is no dispute that most of Crawford's claims here were not raised in the state appellate courts. Under the exhaustion doctrine, Crawford would typically be required to exhaust the claims in state court collaterally by way of a § 440.10 motion.

 When a prisoner's diligent efforts to exhaust in the state court have been unduly frustrated, however, the prisoner need not take additional steps in the state court before he may be heard in the federal courts. See Brooks v. Jones, 875 F.2d 30, 31 (2d Cir.1989). Moreover, inordinate delay in concluding post-judgment criminal proceedings may preclude a state from relying on the exhaustion requirement to defeat federal review. See Sapienza v. Vincent, 534 F.2d 1007, 1010 (2d Cir.1976) citing St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir.1972) (per curiam) (questioning 17 month delay in state habeas corpus proceedings); cf. Cody v. Henderson, 936 F.2d 715, 718 (2d Cir.1991) ("[S]ubstantial delay in the state criminal appeal process is a sufficient ground to justify the exercise of federal habeas jurisdiction."). While the Second Circuit has not "define[d] precisely, a specific interval of time after which a habeas petition based on delay ... would excuse the exhaustion requirement," it has specifically counseled that "[t]he doctrine of exhaustion does not require a prisoner to wait six years ... or even three or four years before enlisting federal aid...." Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir.1990) (exhaustion requirement waived where a six-year delay in a prisoner's appeal occurred and his family's effort to obtain new counsel had been futile); accord Diaz v. Henderson, 905 F.2d 652, 654 (2d Cir.1990) ("habeas petitions ... need to be brought as soon as the appellate delay becomes unreasonable").

 Here, Crawford made several unavailing inquiries about his § 440.10 motion; and it has now been over three years since it was filed. It is evident from the record that no decision on the motion is forthcoming. After such extensive delay and Crawford's repeated efforts to resolve matters before the state court, the State may no longer rely on Crawford's failure to exhaust as a defense to the petition.

### CONCLUSION AND ORDER

Accordingly, the Court holds that Crawford's petition is neither time-barred nor precluded for failure to exhaust state remedies. It is therefore

ORDERED that the Respondent's motion to dismiss is denied; and it is further

ORDERED that the Respondent shall answer the Petition within thirty (30) days of the date of receipt of this Order; and shall submit transcripts of all proceedings and any briefs submitted on appeal; and it is further

ORDERED that Petitioner's time to reply to the Respondent's answer shall be

forty-five (45) days after the receipt of the Respondent's answer.