■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DICKS, Appellant. [731 NYS2d 392] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered June 21, 1999, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defendant challenged a prospective juror for cause. When his application was denied, he peremptorily challenged the juror. Since the defendant failed to exhaust his peremptory challenges, the propriety of the denial of the challenge for cause does not constitute a ground for reversal (*see,* CPL 270.20 [2]; *People v Lynch,* 95 NY2d 243; *People v Culhane,* 33 NY2d 90, 97). The defendant's claim that the Supreme Court improperly curtailed the defense counsel's voir dire examination of the prospective juror, depriving the defense counsel of "potentially critical information" needed to decide whether to exercise a peremptory challenge or allow the prospective juror to remain on the jury, is contrary to the defendant's position at trial that the prospective juror should have been removed for cause. Therefore, that contention is not properly before us on appeal (*see, People v Espinal,* 183 AD2d 407; *People v Caceras,* 154 AD2d 310).

At the trial, the defendant's sole objection to the introduction of expert testimony concerning the practices of drug dealers was that the witness was not qualified. Accordingly, his present contention that the nature of the testimony was improper is unpreserved for appellate review.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.