■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN HAMILTON, Appellant. [736 NYS2d 901] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 19, 1997, convicting him of murder in the second degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by vacating the conviction of criminal possession of a controlled substance in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the prosecution did not present legally sufficient evidence to support the conviction on the charge of criminal possession of a controlled substance in the fourth degree, and we therefore vacate the conviction on that count and the sentence imposed thereon. The prosecution's theory on the charge of criminal possession of a controlled substance in the fourth degree was that the defendant was in constructive possession of cocaine recovered from the pocket of his codefendant's jacket, which was in the back seat of the victim's car. "In New

York, the rule has long been that to support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini,* 79 NY2d 561, 573). Here, viewing the evidence in the light most favorable to the prosecution, it was legally insufficient to establish that the defendant exercised control over either the area where the cocaine was found or the codefendant, and thus, was legally insufficient to establish that he was in constructive possession of the cocaine (*see, People v Pearson,* 75 NY2d 1001).

The Supreme Court's charge to the jury, viewed as a whole, conveyed the appropriate legal standards applicable to the case (*see, People v Ford,* 66 NY2d 428). Under the circumstances, the Supreme Court properly refused to instruct the jury that mere presence at the crime scene was insufficient to establish criminal liability, since no reasonable view of the evidence supported such a charge (*see, People v Slacks,* 90 NY2d 850).

It is unnecessary to reach the defendant's contention concerning the Supreme Court's refusal to charge manslaughter in the first degree as a lesser-included offense of the charge of intentional murder, since the defendant was acquitted of that charge (*see, People v Tate,* 275 AD2d 380).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.