■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HARRELL, Appellant. [772 NYS2d 581]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 30, 2000, convicting him of murder in the first degree, robbery in the first degree, attempted robbery in the first degree, robbery in the second degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the first degree because the People failed to prove that he caused the victim's death is unpreserved for appellate review inasmuch as he did not specifically raise this issue on his motion to dismiss (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Bedford, 296 AD2d 553 [2002]; People v Ruiz, 211 AD2d 829 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620

[1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the first degree beyond a reasonable doubt (*see* Penal Law § 125.27 [1] [a] [vii]). There was sufficient evidence from which a rational trier of fact could have found that the defendant, with the intent to kill, shot the victim once, causing a wound which contributed to his death, during the course of, and in furtherance of, a robbery (*see People v Cicchetti,* 44 NY2d 803 [1978]; *People v Bracey,* 41 NY2d 296, 303 [1977]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.