■ The People of the State of New York, Respondent, v Anthony C. Libardi, Appellant. [784 NYS2d 636]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered February 24, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because it was physically impossible for him to commit the murder in the manner and time frame alleged by the People is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Bynum*, 70 NY2d 858 [1987]; *People v Udzinski*, 146 AD2d 245 [1989]), as he failed to specifically raise this issue in his motion for a trial order of dismissal (*see People v Harrell*, 5 AD3d 503 [2004], *lv denied* 3 NY3d 641 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the trial court committed reversible error in denying his challenge for cause to a prospective juror is without merit. After the defendant used all of his statutorily-allotted peremptory challenges (*see* CPL 270.25 [2] [a]), the trial court gave him an additional peremptory challenge which he declined to use. Since the defendant did not exhaust all of his peremptory challenges when jury selection

was completed, the asserted impropriety of the denial of the challenge for cause does not constitute a ground for reversal (*see* CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243 [2000]; *People v Culhane*, 33 NY2d 90 [1973]; *People v Dicks*, 287 AD2d 517 [2001]; *People v Dimmie*, 254 AD2d 495 [1998]).

It is unnecessary to reach the defendant's contention concerning the trial court's refusal to charge manslaughter in the second degree as a lesser-included offense of depraved indifference murder since the defendant was acquitted of depraved indifference murder, and convicted of intentional murder (*see People v Hernandez*, 297 AD2d 389 [2002]; *People v Hamilton*, 291 AD2d 411 [2002]; *People v Tate*, 275 AD2d 380 [2000]). In any event, there was no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense, but not the greater, when he strangled the victim manually and with a ligature applied to her neck (*see* CPL 300.50 [1]; *People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *People v Platt*, 299 AD2d 496 [2002]; *see also People v Henderson*, 244 AD2d 889 [1997]; *People v Crawford*, 231 AD2d 431 [1996]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review, involve matter dehors the record, or are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.