People v Johnson (2020 NY Slip Op 07774)





People v Johnson


2020 NY Slip Op 07774


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


904 KA 18-00458

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHEVAS J. JOHNSON, DEFENDANT-APPELLANT. 






MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered June 28, 2017. The judgment convicted defendant after a nonjury trial of criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and attempted criminal sale of a controlled substance in the third degree (§§ 110.00, 220.39 [1]), defendant contends that he had standing to challenge the stop of a vehicle in which he was a passenger, that County Court erred in refusing to hold a suppression hearing, and that the court applied the wrong standard when it analyzed the stop following the codefendant's suppression hearing. Inasmuch as defendant "withdrew his request for a suppression hearing," we conclude that he has waived his present contentions related to suppression (People v Maynard, 294 AD2d 866, 866 [4th Dept 2002], lv denied 98 NY2d 699 [2002]; see People v Smikle, 1 AD3d 883, 884 [4th Dept 2003], lv denied 1 NY3d 634 [2004]; see also People v Quinney, 305 AD2d 1044, 1046 [4th Dept 2003], lv denied 100 NY2d 586 [2003]).
Defendant further contends that the conviction is not based on legally sufficient evidence and that the verdict is against the weight of the evidence. Although some of defendant's challenges to the sufficiency of the evidence are not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) and we conclude that none of defendant's contentions has merit.
Addressing specifically defendant's contention that he did not have dominion or control over the heroin recovered from the codefendant, we conclude that "[t]he evidence of defendant's orchestration of the drug selling operation was legally sufficient to support a finding that he had constructive possession, i.e., dominion and control, of the drugs recovered from his [codefendant]" (People v Shanks, 207 AD2d 710, 710 [1st Dept 1994], lv denied 84 NY2d 1015 [1994]; see People v Beard, 100 AD3d 1508, 1509 [4th Dept 2012]; cf. People v Hamilton, 291 AD2d 411, 411-412 [2d Dept 2002], lv denied 98 NY2d 651 [2002]; see generally People v Manini, 79 NY2d 561, 573 [1992]).
Contrary to defendant's remaining contentions, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court